## 52154. WEEKS v. GWINNETT COUNTY BOARD OF TAX EQUALIZATION.

STOLZ, Judge.

Taxpayer, appellant, appeals from the jury-based judgment of the Superior Court of Gwinnett County determining the value for county ad valorem tax purposes of certain real property owned by the appellant.

At a pre-trial conference, the trial judge advised that it was his position that the Gwinnett County Board of Tax Equalization had the burden of proof and thus the right to open and conclude the presentation of evidence and argument to the jury. The appellant lodged a timely objection, the overruling of which is enumerated as error. The appellant's other enumerations of error will be discussed subsequently.

1. Unfortunately, the statutory basis for appeals in cases of this nature does not furnish us with guidance as to where the burden of proof lies in tax assessment cases appealed to the superior court. In attempting to resolve the issue, we note that the taxpayer is required to return all property at its fair market value. Code § 92-5701. "Fair market value" is defined in Code Ann. § 92-5702. On appeal to the county board of equalization, the determination of the county board of tax assessors is deemed prima facie correct. Code Ann. § 92-6912 (5)(D). Both the taxpayer and the county board of tax assessors have the right to appeal to the superior court. Code Ann. § 92-6912 (6)(A). Such appeals constitute a de novo action. Code Ann. § 92-6912 (6)(C); Code Ann. § 6-501 (Ga. L. 1972, pp. 738, 742).

What is the effect of a de novo action, hearing, investigation, proceeding or appeal? "It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case." Code Ann. § 6-501, supra. " 'Such a case must be tried anew *as if no trial had been had.* [Citations.] It is not the province of the superior court on such an appeal to review and affirm or review the rulings of the [trial tribunal], but to try the issue anew and pass original judgments on the questions

involved *as if there had been no previous trial.' Hall v. First Nat. Bank of Atlanta,* 85 Ga. App. 498 (69 SE2d 679)." (Emphasis supplied.) *Knowles v. Knowles,* 125 Ga. App. 642, 645 (1) (188 SE2d 800). "The appeal from [the trial tribunal] to the superior court is, upon reaching the superior court, a de novo proceeding, and insofar as is consistent with the rules of practice found in the Civil Practice Act it is governed thereby. *It proceeds as do other civil cases."* (Emphasis supplied.) *Strickland v. Miles,* 131 Ga. App. 300, 303 (2) (205 SE2d 880).

Since the de novo action in the superior court proceeds as do other civil cases and as if it were the initial trial, which party had the burden of proof in the trial tribunal? "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." Code § 38-103.

There are a number of cases holding to the effect that the party originally moving in the case below is entitled to opening and concluding argument on a de novo appeal to the superior court. See, e.g., *Harrison v. Young,* 9 Ga. 359 (1); *Evans v. Arnold,* 52 Ga. 169; *Cheney v. Cheney,* 73 Ga. 66 (1). This is analogous to the de novo proceeding before the full workmen's compensation board, in which the entire case may be retried with new evidence, without regard to the findings and conclusions of the administrative law judge. See *Travelers Ins. Co. v. Buice,* 124 Ga. App. 626 (1) (185.SE2d 549). "Where argument is permissible on a trial de novo in a compensation proceeding, the scope and propriety thereof are to be determined by the court, in its discretion, *in accordance with general rules in civil trials."* 100 CJS 1306, Workmen's Compensation, § 775.

We have previously noted that, pursuant to Code Ann. § 92-6912 (5)(D), the board of tax assessors' findings of fact are deemed prima facie correct before the county board of equalization. No similar provision applicable to such findings of fact on appeal in the superior court, is contained in Code Ann. § 92-6912 (5)(D), Code Ann. § 92-6912 (6) or elsewhere. We thus conclude that the

county board of tax assessors' findings of fact are not deemed prima facie correct on appeals to the superior court, but are evidence which the jury may consider, along with other evidence, in resolving the issue before them.

Since either party may appeal to the superior court from the decisions of the county board of equalization with the action there being a de novo matter, and neither party is entitled to any prima facie presumption regarding the correctness of its evidence of valuation, we conclude that the burden of proof in the superior court is on the party initiating the appeal to that court — in this case the taxpayer, Mr. Weeks.

2. The appellant enumerates as error certain portions of the trial judge's charge, wherein the judge paraphrased the procedure set out in Code Ann. §§ 92-6911 and 92-6912. In so doing, the judge omitted stating that the county board of tax assessors had the right to appeal the decision of the county board of equalization to the superior court. We view neither this omission, nor the giving of the outline of the procedure in the case prior to its appearance in the superior court, as reversible error. However, we do feel that it would be better for references to prior proceedings and procedures to be omitted, as they have no relevance in a de novo matter.

3. The appellant enumerates as error certain portions of the trial judge's charge wherein the judge used phrases such as "fair market value for tax purposes," "fair market value or taxable value of property in question," "fair taxable value," "fair valuation for the purpose of taxation," "fair market value and/or fair taxable valuation of the acreage," in instructing the jury as to their responsibility in the case. All property is required to be returned at its fair market value. Code § 92-5701. "Fair market value," when used in the tax laws, means "what the property and subjects would bring at cash sale when sold in the manner in which such property and subjects are usually sold." Code § 92-5702. It is the duty of the county board of tax assessors "to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between the individual taxpayers are fairly and justly equalized so

that each taxpayer shall pay as near as may be only his proportionate share of taxes." Code Ann. § 92-6911 (a) (Ga. L. 1937, pp. 517, 519; as amended). The duties of the county board of equalization and the superior court in this type case are essentially the same as those of the county board of tax assessors. Thus, in this type case, there is more at issue than the mere "fair market value" of the subject property. While the fair market value of the property is an important feature in this type case, evidence that relates to equalization must also be considered. Thus, the phrase "fair market value for tax purposes" and similar phrases are not inaccurate statements of the law or misleading to the jury.

4. For the reasons set forth in Division 2, the case must be reversed.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 3, 1976 — DECIDED JUNE 14, 1976.

*Peek, Arnold, Whaley & Cate, J. Corbett Peek, Jr.,* for appellant.

*Stark, Stark & Henderson, Homer Stark,* for appellee.