75716. BACKUS CADILLAC-PONTIAC, INC. v. BROWN et al.
(365 SE2d 540)

POPE, Judge.

Plaintiffs brought this action against defendant seeking, inter alia, recovery of $2,650 for damages to their automobile, which had been left with defendant for repair, as well as attorney fees pursuant to OCGA § 13-6-11. Defendant appeals a jury verdict in favor of plaintiffs awarding $1,800 in damages and $1,500 in attorney fees.

Defendant is an automobile dealership located in Savannah. Construed most strongly in favor of the verdict, the evidence showed that in June 1984 plaintiffs had their 1976 Cadillac towed to defendant's garage for repair. Defendant diagnosed the problem to be water within the fuel tank and fuel lines. Defendant also ordered a part which took five weeks to arrive and which did not remedy the problem. When the installation of the part failed to correct the problem, plaintiffs were notified that the engine had "locked" (or "seized" or "frozen up") because of water intrusion. They were advised that the necessary new engine would cost about $1,800. Plaintiffs testified that defendant's agent acknowledged that the "locking" of the engine was caused by defendant and that defendant would repair it. The agent denied making such an admission and such a commitment. The agent testified that the damage to plaintiffs' auto occurred after defendant had taken possession of the vehicle, that the engine was not "locked" when it was delivered to defendant by the plaintiffs, and that had

defendant worked on the engine the first week the auto had been brought in by plaintiffs, the engine would not have "locked."

1. Defendant's first enumeration of error challenges the denial of its motion for new trial as to the award of attorney fees "because the pleadings, the pre-trial ruling of the court, the withdrawal of count two of plaintiffs' recast complaint, and the ruling of the trial court granting defendant's motion for directed verdict on the plaintiffs' claims for loss of use and negligent repairs acknowledged and affirmed the existence of a bona fide controversy and as a matter of law a reasonable defense." Defendant's second enumeration asserts that there was no evidence of bad faith, stubborn litigiousness or unnecessary trouble and expense.

Under OCGA § 13-6-11 "expenses of litigation are generally not allowed as a part of damages, but if the defendant has acted in bad faith, has been stubbornly litigious or has caused the plaintiff[s] unnecessary trouble and expenses the jury may allow them. . . . For the plaintiff[s] to recover [they] need only show any one of the three conditions to exist." *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432, 436 (301 SE2d 493) (1983). A judgment awarding such attorney fees should be affirmed if there is any evidence to support it, unless it can be said as a matter of law that there was a reasonable defense. *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980).

We find no record evidence of bad faith on the part of defendant. See generally *General Refractories Co. v. Rogers*, 240 Ga. 228 (2) (239 SE2d 795) (1977); *Glen Restaurant v. West*, 173 Ga. App. 204 (325 SE2d 781) (1984); *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218 (2) (308 SE2d 564) (1983). "When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not 'any evidence' to support an award pursuant to [the statute] if a bona fide controversy clearly exists between the parties. [Cits.] Thus, in a case where bad faith is not at issue, attorney fees are not authorized under OCGA § 13-6-11 [cit.] if the evidence shows that 'a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue. . . .' *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 525 (191 SE2d 317) (1972)." *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 224-225 (312 SE2d 386) (1983). The evidence in part was in sharp conflict and as to some of the items for which recovery was sought by plaintiffs the trial court ruled in favor of defendant as a matter of law. In our opinion, the evidence does not authorize a finding by the jury that the defense of the action brought caused plaintiffs unnecessary trouble and expense or that defendant was being stubbornly litigious. That is, the evidence shows a reasonable defense, a bona fide controversy, as a matter of law. E.g., *Glenn Restaurant v. West*, supra at 205-206;

*Biltmore Constr. Co. v. Tri-State Elec. Contractors*, 137 Ga. App. 504 (5) (224 SE2d 487) (1976); *Colbert Co. v. Newsom*, 125 Ga. App. 571 (8) (188 SE2d 266) (1972). Therefore, the award of attorney fees is reversed.

2. Having held, for the reasons discussed above, that no award of attorney fees was authorized under the evidence, we need not address defendant's remaining assertions of error with regard to that award.

3. Applying the any evidence test to the jury's award of damages to plaintiffs' automobile, we find no basis for reversal.

*Judgment affirmed in part; reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 4, 1988.

*Owen H. Page*, for appellant.
*Malcolm MacKenzie III, W. Paschal Bignault*, for appellees.