### S90A0100. SPRING LAKE PROPERTY OWNERS ASSOCIATION, INC. v. PEACOCK et al.
(390 SE2d 31)

CLARKE, Chief Justice.

The single issue in this appeal is whether the court erred in not granting appellant a directed verdict, judgment notwithstanding the verdict, or new trial on the award of attorney fees to plaintiffs/appellees.

The parties agree that the only basis for an award of attorney fees in this case is OCGA § 13-6-11. This section provides for an award of attorney fees against a defendant who has 1) acted in bad faith, 2) been stubbornly litigious, or 3) caused plaintiff unnecessary trouble and expense. Defendant/appellee Spring Lake Property Owners Association, Inc. (hereinafter Spring Lake), contends that because there was a bona fide controversy in this case, OCGA § 13-6-11 attorney fees are not available.

A jury in Rabun County found that appellees Billy Peacock, Jane Peacock, and Billy Veal have an easement of ingress and egress into their properties across the property of Spring Lake. They were awarded damages in the amount of $1.00, and attorney fees in the amount of $7,500. The court ordered Spring Lake to remove a gate constructed across the easement and enjoined Spring Lake from taking any action to interfere with the appellees' easement.

By warranty deed to appellees' predecessor in title, the grantor conveyed the right to use the Old Frank Bleckley Road. All the parties agree that appellees have the right to an easement on the Old Frank Bleckley Road. The only question is whether this road is located on Spring Lake's property. Appellees contend that this road is located on property conveyed to Spring Lake's predecessor in title. Spring Lake contends that there is a bona fide controversy concerning the location of the road described in the deed. Spring Lake insists that the case turned on the credibility of various witnesses, which shows the existence of a bona fide controversy. Therefore, according to Spring Lake, the trial court erred in allowing the jury to consider the issue of attorney fees.

Appellees claim that Spring Lake erected a gate across appellees' easement and then attempted to justify its action on the basis that the Old Frank Bleckley Road (which Spring Lake agreed appellees

had the right to use) was not located within Spring Lake's property. Prior to trial Spring Lake contended that the Old Frank Bleckley Road was an old abandoned logging road below its dam rather than across Spring Lake's property. Appellees concede that if Spring Lake had consistently claimed that the Old Frank Bleckley Road was not located on its property, this would have been a good argument for the existence of a bona fide controversy. However, at trial, Spring Lake abandoned this claim for the claim that the Old Frank Bleckley Road was the Mudd Creek Road. Because the Mudd Creek Road has always been a public road and because it does not go anywhere near appellees' property, appellees reason that Spring Lake's claim that it was the Old Frank Bleckley Road proves the absence of a bona fide controversy. The failure of appellant to admit its mistake and remove the obstruction across appellees' easement showed stubborn litigiousness.

The question of attorney fees under OCGA § 13-6-11 is a question for the jury. *Brannon Enterprises, Inc. v. Deaton*, 159 Ga. App. 685 (285 SE2d 58) (1981). The standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award. *Fuller v. Moister*, 248 Ga. 287 (282 SE2d 889) (1981). The trial testimony of Spring Lake's president showed that Spring Lake abandoned its theory that the Old Frank Bleckley Road was an old logging road located off its property and now contended that the Old Frank Bleckley Road was the Mudd Creek Road acknowledged by all to be.a public road. There was also testimony at trial that after Spring Lake erected the gate across appellees'. easement, appellees met with officers of Spring Lake along with Herschel Grist, who drew the original plat of the Spring Lake property. Mr. Grist informed appellees at this meeting that the Old Frank Bleckley Road was the road running through their property. We agree with appellees that this constituted some evidence from which the jury could have concluded that there was no bona fide controversy.

The court charged the jury as follows:

Where there is a bona fide controversy for the tribunals to settle and the parties cannot adjust it amicably, there should be no burden of one with the counsel fees of the other unless there has been wanton or excessive indulgence in litigation.

Generally expenses of litigation including attorney fees are not allowed as a part of damages unless the defendant has acted in bad faith, has been stubbornly litigious or has caused Plaintiff unnecessary trouble or expense.

If the evidence shows that a genuine dispute exists whether of law or fact attorney fees are not authorized.

There was no objection to this charge. We find no error in the trial court's refusal to grant Spring Lake a directed verdict, judgment notwithstanding the verdict, or new trial on the award of attorney fees.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 5, 1990.

*McClure, Ramsay & Dickerson, Allan R. Ramsay,* for appellant. *English, Tunkle & Smith, Richard D. Tunkle,* for appellees.