A90A1941. GWINNETT COUNTY BOARD OF TAX ASSESSORS v. ACKERMAN/INDIAN TRAIL ASSOCIATION, LTD.
(402 SE2d 794)

McMURRAY, Presiding Judge.

Contending the 1989 tax assessments issued by the Gwinnett County Board of Tax Assessors lacked uniformity and equalization, Ackerman/Indian Trail Association, Ltd. ("Ackerman"), the owner of 11 parcels of real estate in a Gwinnett County office park, appealed to the Gwinnett County Board of Equalization. Giving due consideration to Ackerman's arguments, the board of equalization reduced the total assessed value of the 11 parcels. Still, Ackerman was not satisfied; it sought a jury trial in the superior court to obtain a further reduction of the parcels' assessed value.

At the conclusion of the trial, the jury found in Ackerman's favor. Judgment was entered accordingly and the board of tax assessors appealed. *Held:*

1. Pursuant to our constitution, all taxation, except as otherwise provided, "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Ga. Const. 1983, Art. VII, Sec. I, Par. III (a). This requirement " 'means that all kinds of property of the same class not absolutely exempt must be taxed alike, by the same standard of valuation, equally with other taxable property of the same class, and co-extensively with the territory to which it applies, meaning the territory from which the given tax, as a whole, is to be drawn.' " *Lott Investment Corp. v. City of Waycross*, 218 Ga. 805, 809 (130 SE2d 741). "Realty and tangible personal property are of the same class, and the constitutional rule of uniformity in taxation requires that both be taxed alike." *Hutchins v. Howard*, 211 Ga. 830 (1) (89 SE2d 183).

The board of tax assessors contends the evidence was insufficient to support the verdict, claiming that Ackerman failed to demonstrate that its property was not valued uniformly and throughout the county with other properties in the same class. In this regard, appellant argues: "Appellee's focus was incredibly narrow. [It] did not consider all the commercial property in Gwinnett County in making [its] comparison. [It] did not consider all the office buildings in Gwinnett County. [It] did not consider all the warehouse space in the County. Instead, . . . [its] evidence was limited to consideration of a type of building [it terms] 'flex space' within 15 to 20 minutes driving time from [its] property. . . ." We cannot accept this analysis.

An Ackerman agent testified that he personally visited 70 or 80 parcels in Gwinnett County to determine the uniformity of the tax assessments. For comparison purposes, the agent mainly looked at 39 office parks in Gwinnett County. Of these, the agent concentrated on properties within a 15 or 20 minute drive of Ackerman's property because he believed they would be most comparable. But Ackerman did not limit its evidence to a study of parcels in the neighborhood. It introduced numerous tax assessment cards into evidence. The cards reflect the board of tax assessors' findings with regard to over 100 various kinds of properties in different parts of the county.

The jury was entitled to consider the tax assessment cards reflecting the board's findings in reaching its verdict. See *Weeks v. Gwinnett County Bd. of Tax Equalization*, 139 Ga. App. 37, 38, 39 (227 SE2d 865). Thus, it cannot be said that the evidence was insufficient to support the jury's verdict. See *Aldon Indus. v. Gordon County Bd. of Tax Assessors*, 136 Ga. App. 598, 599 (2) (222 SE2d 42) (reversed on other grounds, *Gordon County Bd. of Tax Assessors v. Aldon Indus.*, 237 Ga. 527 (228 SE2d 905)), in which taxpayers introduced the records of 21 pieces of real estate and the county contended "that the cross section was too small. . . ." See also *Stoddard v. Bd. of Tax Assessors of Grady County*, 163 Ga. App. 499, 501 (3)

(295 SE2d 170). This Court considers the sufficiency of the evidence, not its weight. *Foster v. Morrison*, 177 Ga. App. 250, 252 (6) (339 SE2d 307).

2. Relying upon *Georgia Midland & Gulf R. Co. v. State*, 89 Ga. 597, 598 (3) (15 SE 301), the board of tax assessors contends the trial court erred in failing to charge the jury that a "taxpayer cannot protect himself against a legal and proper demand for his own taxes, by alleging that another taxpayer has been assessed for taxation in a way to render his taxes less than they ought to be under a proper administration of the law." We have no problem with this principle of law. It is not, however, adjusted to the facts of this case. Ackerman did not contest uniformity by showing the amount of taxes paid by one or two other taxpayers. Quite the contrary, it based its case upon the amount of taxes paid by numerous other taxpayers. See Division 1, supra.

3. In its final enumeration of error, the board of tax assessors contends the trial court erred in failing to instruct the jury, pursuant to the board of tax assessors' request, that it could raise the assessed value of Ackerman's property over the value set by the board of equalization. We disagree. The board of tax assessors did not appeal from the board of equalization's findings. Thus, the board of tax assessors did not call the board of equalization's findings into question. See OCGA § 48-5-311 (f) (1). Besides, the jury's verdict *reduced* the assessed value set by the board of equalization. Any error in failing to charge that the board of tax assessors' assessment could be raised must, therefore, be deemed harmless. See generally *Hunter v. Batton*, 160 Ga. App. 849, 851 (5) (288 SE2d 244).

*Judgment affirmed. Sognier, C. J., concurs. Carley, J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED FEBRUARY 26, 1991.

*Gary Moore*, for appellant.
*Alston & Bird, T. Michael Tennant*, for appellee.