A96A2150. JR. MILLS CONSTRUCTION v. TRICHINOTIS.
(477 SE2d 141)

ELDRIDGE, Judge.

Appellant Jr. Mills Construction filed suit in March 1995 against appellee John Trichinotis in the Magistrate Court of Houston County. Appellant claimed that appellee owed him $1,745.78 toward payment for an additional bedroom he was building onto appellee's home. Appellee counterclaimed for breach of contract, asserting that appellant had not completed the construction properly and listing specific examples of poor workmanship and related damages. The magistrate dismissed appellant's suit and found in favor of appellee on the counterclaim, awarding him $1,000 in damages, plus interest.

Appellant appealed to the State Court of Houston County; a mediation conference was held on January 25, 1996. However, prior to the conference, appellee sent a letter to appellant on January 15, 1996, listing additional damages that were caused by appellant's poor construction and offering a settlement in the amount of $4,500. The settlement was declined, and, at the bench trial on February 29, 1996, appellee attempted to introduce evidence of the additional damages; appellant objected. At the judge's request, the parties submitted briefs on the admissibility of the new evidence, and the state

court determined that, because the trial was de novo, the evidence of additional damages was admissible. The state court then found for appellee on appellant's complaint and awarded appellee damages in the amount of $1,997 on the counterclaim.

In the only enumeration of error, appellant asserts that the trial court erred in allowing appellee to present evidence of new damages, because appellee did not formally amend his pleadings prior to trial or at trial to incorporate the new claims. However, the evidence relating to additional damages was properly admitted under either of two theories, as outlined below, as long as the ultimate claim for damages does not exceed the jurisdictional limitations of the magistrate court.

Following appellant's appeal to the state court, but prior to the bench trial, appellee sent a demand letter to appellant regarding additional damages that had been discovered since the original counterclaim was filed. Therefore, under the liberal notice pleading provisions of the Civil Practice Act, OCGA §§ 9-11-8; 9-11-9 (g), appellant had notice that appellee planned to present evidence of additional damages related to the faulty construction that was the focus of the counterclaim. See *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369 (174 SE2d 884) (1970). The appellant, therefore, had 45 days to prepare a defense to the new claims and was not prejudiced by the admission of such evidence.

Further, OCGA § 9-11-15 (b) states that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues*. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of the evidence would prejudice him in maintaining his action or defense upon the merits. . . ." (Emphasis supplied.) See also *Gresham v. White Repair & Contracting Co.*, 158 Ga. App. 235 (279 SE2d 528) (1981) (holding that "pleadings are deemed automatically amended to conform to the evidence presented at trial"); *DeLoach v. Foremost Ins. Co.*, 147 Ga. App. 124, 125 (248 SE2d 193) (1978).

An appeal to the state or superior court from a lower court "is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case." OCGA § 5-3-29;

see also *Barmore v. Himebaugh*, 200 Ga. App. 868, 869 (410 SE2d 46) (1991).

In the case sub judice, the original counterclaim charged breach of contract and listed damages; the additional damages claimed by appellee directly related to the original counterclaim, and the state court's verdict in favor of appellee was supported by the additional evidence. When the original claimant/appellant has brought a claim before a tribunal for de novo review, it would be unjust to deny the counterclaimant/appellee an opportunity to present all of the available evidence of damages, particularly those damages that arose out of the same transaction as the underlying claims and that were not readily apparent at the time of the initial adjudication of the claim, as is the case here.

Therefore, under either of these theories, appellee's letter to appellant served as notice to the appellant and expanded the counterclaim to encompass the additional damages; the evidence was properly admitted.

However, the state and superior courts, on de novo appeals, have only the jurisdiction possessed by the magistrate court, which limits civil claims to $5,000, and cannot enter judgment for more than the jurisdictional limit. OCGA § 15-10-2 (5); *Russell v. Flynn*, 191 Ga. App. 196, 197 (381 SE2d 142) (1989); *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972). Therefore, even though the appellee, as counterclaimant, was entitled to submit additional evidence of damages to the state court, they were precluded from embellishing their claim to the extent that it would exceed the $5,000 jurisdictional limit. Since appellee presented evidence listing total damages in the amount of $4,554.82, the state court did not err in admitting the additional evidence.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 27, 1996.

*Diane M. Zimmerman*, for appellant.
*Sonya C. Popken*, for appellee.