A99A0598, A99A0599. M & H CONSTRUCTION COMPANY, INC. v. NORTH FULTON DEVELOPMENT CORPORATION; and vice versa.

(519 SE2d 287)

MCMURRAY, Presiding Judge.

Plaintiff M & H Construction Company, Inc., a utilities contractor, entered into a contract with defendant North Fulton Development Corporation, the developer of a residential subdivision, for the construction of a pump station. Prior to completion of the project, a controversy developed between the parties with respect to whether the project had been completed in compliance with the contract and with respect to the satisfaction of financial obligations.

Plaintiff filed this action seeking to compel an arbitration proceeding or, in the alternative, seeking damages based on theories of breach of contract, breach of contract based on a trespass action filed against plaintiff, and fraudulent inducement to arbitrate. Plaintiff also sought interest on the funds allegedly owed by defendant, and attorney fees pursuant to OCGA § 13-6-11. Defendant answered and

counterclaimed, alleging breach of contract.

In a bifurcated trial, the first phase resulted in a verdict on the breach of contract issues. Plaintiff was awarded $32,507.92, and defendant was awarded $1,200.

In the second phase of the trial, on plaintiff's claim for attorney fees, plaintiff was awarded $46,424.80. The resulting judgment was in favor of plaintiff in the principal amount of $77,732.72.

Defendant filed its motion for judgment notwithstanding the verdict (j.n.o.v.), or in the alternative, for new trial. The trial court granted defendant's motion for j.n.o.v. with respect to the award of attorney fees, but did not address the alternative motion for new trial.

Plaintiff's appeal of the grant of j.n.o.v. was remanded pursuant to *Ogletree v. Navistar Intl. Transp. Corp.*, 221 Ga. App. 363 (471 SE2d 287), so that the trial court might enter the conditional ruling on defendant's alternative motion for new trial required by OCGA § 9-11-50 (c). On remand, the trial court entered the required order, and plaintiff appealed once more. Plaintiff's appeal in Case No. A99A0598 seeks primarily the reversal of the trial court's grant of defendant's motion for j.n.o.v. Defendant cross-appeals in Case No. A99A0599. *Held*:

1. In ruling on defendant's motion for j.n.o.v., the trial court relied upon *Brown v. Baker*, 197 Ga. App. 466, 468 (4) (398 SE2d 797) for the principle that:

> "When bad faith is not an issue and the only asserted basis
> for a recovery of attorney[ ] fees is either stubborn litigious-
> ness or the causing of unnecessary trouble and expense,
> there is not 'any evidence' to support an award pursuant to
> OCGA § 13-6-11 if a bona fide controversy clearly exists
> between the parties. Thus, in a case where bad faith is not
> an issue, attorney[ ] fees are not authorized under OCGA
> § 13-6-11 if the evidence shows that 'a genuine dispute
> exists — whether of law or fact, on liability or amount of
> damages, or on any comparable issue. . . .'"

(Citations omitted.) In the present case there was clearly a bona fide controversy with respect to the underlying contract action, and the issues on appeal are directed to the question of whether bad faith was at issue in the case sub judice.

The trial court appears to have come to a negative conclusion on this issue at least partially via reference to plaintiff's complaint which omits any reference to bad faith. Plaintiff argues that its complaint was adequate under notice pleading and that the bad faith issue was before the jury since evidence of bad faith was admitted

and the jury charged without objection that it was authorized to award attorney fees based on bad faith.

Nonetheless, we find no evidence of bad faith authorizing an award of attorney fees and consequently find no error in the trial court's grant of defendant's motion for j.n.o.v. In this respect, we first note that "[a] prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim." *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601). The only underlying claim upon which damages have been awarded to plaintiff is a contract claim. While plaintiff's claim for fraudulent inducement to arbitrate is argued to be a proper foundation for an award of attorney fees, such is not the case since this claim was never submitted to the jury so that no relief has been granted thereon.

The remaining conduct which plaintiff relies upon as proof of bad faith may be discounted for one or more reasons.

> "Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in defendant's carrying out the provisions of the contract, that is, in how defendant acted in his dealing with the plaintiff. Bad faith other than mere refusal to pay a just debt is sufficient, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. So defendants can be held liable for attorney fees if they committed the breach in bad faith." (Citations and punctuation omitted.) *Young v. A. L. Anthony Grading Co.*, 225 Ga. App. 592, 593 (484 SE2d 318) (1997).

*Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 857 (1) (c) (501 SE2d 30).

Most of the evidence relied upon by plaintiff arises from the financial disputes between the parties and amounts at most to a failure to pay a debt. Mere failure to pay a just debt is insufficient to support an award of attorney fees under OCGA § 13-6-11. *Sass v. First Nat. Bank of Cherokee*, 228 Ga. App. 7, 8 (1) (491 SE2d 76). Furthermore, the circumstances which led to plaintiff being named as a party defendant in a trespass action have not been shown to have resulted from anything other than an honest mistake. And finally, we note that plaintiff's reliance upon incidents which occurred after institution of the suit is misplaced. Bad faith relates to the transaction upon which the underlying action is based and refers to a time prior to the institution of suit, not defendant's conduct in defending the case. *Gwinnett County Bd. of Tax Assessors v. Network Publica-*

*tions,* 208 Ga. App. 15, 18 (3) (429 SE2d 696); see also *Candle v. Wicks Lumber Co.,* 195 Ga. App. 239, 242 (1) (a) (393 SE2d 99).

2. In its third enumeration of error, plaintiff maintains that *Ogletree v. Navistar Intl. Transp. Corp.,* 221 Ga. App. 363, supra, should be modified to dispense with remand under some circumstances. Nonetheless, this issue is obviously based on this Court's recent remand of the case sub judice on a prior appeal and not upon any action taken by the trial court. At this point in time the matter is moot, although we note that the issue could have been raised in a timely fashion by motion for reconsideration of the remand of plaintiff's earlier appeal.

3. The remaining issues on appeal are rendered moot by our decision in Division 1, approving of the trial court's grant of defendant's motion for j.n.o.v. This includes plaintiff's challenge of the trial court's conditional grant of new trial as to the amount and allocation of attorney fees, a ruling which would take effect only upon the reversal of the grant of defendant's motion for j.n.o.v., and challenge of the denial of plaintiff's motion for a supersedeas bond.

The ruling in Division 1 also renders defendant's cross-appeal moot. Accordingly, the cross-appeal must be dismissed. *Steele v. Grot,* 232 Ga. App. 847, 849-850 (2) (503 SE2d 92).

*Judgment affirmed in Case No. A99A0598. Appeal dismissed in Case No. A99A0599. Andrews and Ruffin, JJ., concur.*

DECIDED JUNE 10, 1999 —
RECONSIDERATION DENIED JUNE 28, 1999.

*Peter R. Weisz,* for appellant.
*Smith, Gambrell & Russell, James H. Bratton, Jr., Bruce D. Cohen,* for appellee.