## A05A2005. ANDERSON v. CAYES.
(630 SE2d 441)

SMITH, Presiding Judge.

This is an appeal from a jury verdict and judgment in favor of plaintiff Kristen Cayes in a personal injury action arising from a rear-end collision. In his sole enumeration of error, defendant Ronald Anderson appeals from the jury's separate award of the costs of litigation under OCGA § 13-6-11, contending that the evidence did not support such an award and that the trial court erred in denying his motion for directed verdict on this issue. We agree and reverse.

OCGA § 13-6-11 permits the jury to award attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." If a bona fide controversy exists, the plaintiff may recover attorney fees under this Code section only if the defendant has acted in bad faith in the underlying transaction. Issues regarding the existence of a bona fide controversy or a defendant's bad faith are generally for the jury to decide. Finally, an award of attorney fees under OCGA § 13-6-11 should be affirmed if there is any evidence to support it.

(Citations omitted.) *Dept. of Transp. v. Hardin-Sunbelt, Joint Venture*, 266 Ga. App. 139, 146 (4) (596 SE2d 397) (2004).

Here, Cayes acknowledged that Anderson did not act in bad faith, contending only that he was stubbornly litigious and caused her unnecessary trouble and expense.

When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not "any evidence" to support an award pursuant to OCGA § 13-6-11 if a bona fide controversy clearly exists between the parties. Thus, in a case where bad faith is not an issue, attorney fees are not authorized under OCGA § 13-6-11 if the evidence shows that a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue.

(Citations and punctuation omitted.) *M & H Constr. Co. v. North Fulton Dev. Corp.*, 238 Ga. App. 713, 714 (1) (519 SE2d 287) (1999). "[I]t is for the jury to determine whether there was a bona fide controversy, unless the facts preclude such a finding as a matter of law." (Citation and punctuation omitted.) *Webster v. Brown*, 213 Ga. App. 845, 846 (2) (446 SE2d 522) (1994). Resolution of this appeal therefore depends upon whether the evidence presented a bona fide controversy as a matter of law.

As the trial court noted, the facts of this case do not align precisely either with those of *Webster*, supra, or those of *Daniel v. Smith*, 266 Ga. App. 637 (597 SE2d 432) (2004). *Webster* and *Daniel* consider the existence of a bona fide controversy in automobile collision suits, and they reach opposite conclusions. But in light of the general law in this area, the facts of this case are closer to those of *Webster* and show a bona fide controversy with respect to liability.

The major distinction between this case and *Daniel* is that the defendant in that case would still have been liable, even had the accident occurred as he contended. Id. at 639 (1). But here, the driver of the car in which Cayes was riding testified that they had been stopped in traffic for "a moment or two" when Anderson's truck approached and "slammed into" their vehicle from behind. Anderson testified, however, that he was preparing to slow down for traffic when one or two cars, including the car in which Cayes was riding, swerved suddenly into his lane and that he was unable to avoid them. See OCGA § 40-6-123 (a) (driver may change lanes only when possible "with reasonable safety"). This is a classic example of a "swearing contest" which must be resolved by a jury.

Cayes seems to ask that we weigh the evidence here, relying on the assertion that multiple witnesses support her version of events, while Anderson produced no other witnesses to support his account. On cross-examination, however, Cayes acknowledged that she was "not paying that much attention" and could not describe how the collision occurred. The driver of Cayes's vehicle is not an independent witness but a long-time friend of Cayes. In addition, his testimony could be considered self-serving because Anderson's testimony points to some degree of negligence on his part. The police officer had no independent recollection of events and simply testified from his police report, which stated that Anderson told the officer that he could not see because the sun was in his eyes. The officer did not charge Anderson with any offense, unlike the defendants in *Webster* and *Daniel*, both of whom pled guilty to traffic charges.

Cayes also contends that Anderson changed his story, but his deposition testimony is consistent with his testimony at trial. The only substantial variation is between the account in the police report, of which the officer has no independent recollection, and Anderson's testimony. Anderson consistently denied telling the police officer that the sun was in his eyes and indeed denied speaking with the officer at all about how the accident occurred. He offers as a possible explanation that the officer mistakenly attributed to him the statement of a fourth driver involved that the sun was in her eyes.

This conflict in the evidence is unlike that in cases such as *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80 (390 SE2d 31) (1990), or *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432 (301 SE2d 493) (1983). In *Spring Lake*, the defendant completely altered its defense during the litigation. In *Jackson*, the defendant first represented to his lender that construction of a home was completed to his satisfaction, but did not remember until trial "numerous construction defects which he sought to set off against the claims of the plaintiff." Id. at 436 (2). The conflict between Anderson and Cayes more closely resembles the dispute in *Backus Cadillac-Pontiac v. Brown*, 185 Ga. App. 746

(365 SE2d 540) (1988). In *Backus*, we reversed the trial court's denial of a motion for new trial on the issue of attorney fees, finding the evidence "in sharp conflict," id. at 747 (1), even though plaintiffs alleged that defendant's agent made certain admissions to them, an allegation the defendant denied. Id. at 746-747.

We must be mindful of the provision of our Constitution that "[n]o person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga. Const. of 1983, Art. I, Sec. I, Par. XII.

> This is a privilege granted to the defendant as well as the plaintiff. Where there is a bona fide controversy for the tribunals to settle, and the parties can not adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.

(Citations and punctuation omitted.) *West v. Haas*, 191 Ga. 569, 575 (13 SE2d 376) (1941). We must be cautious about extending the scope of OCGA § 13-6-11 to those cases in which liability is disputed on issues of negligence.

> The evidence of record in the instant case clearly demonstrates that a bona fide controversy does exist as to whether the collision was caused by the negligence of appellant or the negligence of appellee or the negligence of both. It is the general law of this state that questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly issues for jury resolution, and a court should not remove the issues from the jury except in plain and indisputable cases. Accordingly, a genuine dispute does exist in the instant case.

(Citations and punctuation omitted.) *Brown v. Baker*, 197 Ga. App. 466, 469 (4) (398 SE2d 797) (1990) (physical precedent only).[1] Here, the existence of a bona fide dispute and a reasonable defense at trial precludes the award of attorney fees and expenses of litigation under OCGA § 13-6-11. The trial court erred in failing to grant Anderson's motion for directed verdict on the issue of attorney fees.

*Judgment reversed in part as to attorney fees only. Ruffin, C. J., Andrews, P. J., Johnson, P. J., Barnes, Miller, Ellington, Phipps and Mikell, JJ., concur. Blackburn, P. J., Adams and Bernes, JJ., dissent.*

---

[1] While *Baker* is physical precedent only, one judge having concurred in the judgment only, we have cited it with approval and without comment as to its precedential value on several occasions. See *Daniel*, supra at 638; *M & H Constr. Co.*, supra at 714.

ADAMS, Judge, dissenting.

I respectfully dissent because evidence that the defendant has changed his or her story is some evidence that there was not a bona fide dispute. Under those circumstances, the question of whether there was a bona fide dispute should not be taken from the jury, and the jury was authorized to award fees. For the same reason, I would overrule *Webster v. Brown*, 213 Ga. App. 845 (446 SE2d 522) (1994).

As all agree, Kristen Cayes does not base her claim for fees on an allegation that Anderson acted in bad faith in the underlying transaction. In other words, she does not suggest that he caused the collision intentionally. Instead, she claims fees for stubborn litigiousness or causing unnecessary trouble and expense. In such a case, a recovery is not authorized if a bona fide controversy or dispute exists as to the defendant's liability. *King Indus. Realty v. Rich*, 224 Ga. App. 629, 635 (6) (481 SE2d 861) (1997). As shown below, this is *not* the same thing as saying that a recovery is only authorized if there is no controversy or dispute that the defendant is liable.

Normally, a jury, as finder of fact, is qualified to decide whether a bona fide controversy exists. *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 542 (3) (466 SE2d 27) (1995). It follows that we will uphold the decision of the jury if there is some or any evidence to support its determination in that regard. Id.; *Fuller v. Moister*, 248 Ga. 287, 288 (282 SE2d 889) (1981); *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432 (2) (301 SE2d 493) (1983).

A controversy and a bona fide controversy are two different things. A bona fide controversy or dispute is one made or arising out of good faith, without fraud or deceit; it is sincere or genuine. See Black's Law Dictionary (8th ed. 2004). A defendant who concocts a controversy or dispute by engaging in fraud or deceit during litigation is subject to expenses of litigation for stubborn litigiousness or causing unnecessary trouble and expense. For example, a defendant who originally admits fault but then fabricates a defense for the jury has not created a bona fide controversy. A jury is allowed to determine if that is the case and award fees under OCGA § 13-6-11.

Some disputes are not bona fide because the facts and law are not in dispute and the defendant is liable as a matter of law. See, e.g., *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522 (191 SE2d 317) (1972) (defendant neither offered evidence at trial nor disputed liability); *Daniel v. Smith*, 266 Ga. App. 637 (1) (597 SE2d 432) (2004) (defendant's own version of facts established his liability). But it cannot be that a fee award is only proper when there is a complete absence of a defense or dispute of law or fact regarding the defendant's liability. If that were the case, then there would be no reason for the jury to consider the issue. It would not be making a finding of fact but only a finding of no facts. In other words, the jury's responsibility on the

type of fee issue presented here is not to determine that there is no dispute whatsoever that the defendant is liable but rather to determine whether there was a bona fide dispute as to his or her liability. Neither *Buffalo Cab* nor *Daniel* stands for the more limited rule. They merely present factual situations that are easily within the correct rule.

The reason this is so is that some disputes are not bona fide even though the facts are in dispute if it can be shown that the defendant has not acted in good faith with regard to the litigation. See, e.g., *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80 (390 SE2d 31) (1990). In that case, the plaintiffs brought suit to enforce their right to use "Old Frank Bleckley Road," and they contended that it ran across the defendant's property. The defendant abandoned its pre-trial position that the road in question was an old logging road not on its property. Id. at 81. Instead it asserted a different position at trial — that the road in question was a public road also not located on its property — yet this position also supported its case. Furthermore, the defendant had been told by the person who drew the original plat of its property that the road did run on its property. Id. The Supreme Court held that the issue of attorney fees was properly submitted to the jury and that the jury was authorized to determine whether the controversy was bona fide. Id. at 81-82. Thus, the question was one properly for the jury despite the fact that there continued to be a factual dispute about where the road in question was located.

In the present case, we are adhering to the proper standard of review, not straying from it, if we acknowledge that plaintiff Cayes presented some evidence that Anderson originally admitted fault but then fabricated a defense for the jury.

Four cars were involved in the accident; in order from front to back they were a Ford Bronco, a white Honda in which Cayes was riding, Anderson's truck, and a car driven by a woman.

Anderson admitted that he was headed east toward the morning sun on Interstate 16 on a clear cloudless day, and he knew that he was approaching an area where the traffic slows down "pretty dramatically." Yet he was traveling 65 to 70 miles per hour as he approached the area. He at first denied that the police officer talked to him about the accident. But he later admitted that he did, yet he testified that he never told the officer the dramatic version of events that he related at trial, that one or possibly two cars passed him while he was going 65 to 70 miles per hour and cut in front of him then suddenly slammed on their brakes. Rather, the officer testified that immediately upon his arrival at the accident scene, Anderson admitted hitting the

Honda in which Cayes was a passenger and said that he was unaware that the Honda had stopped because the sun was in his eyes.[2]

Anderson also testified at trial that he was only going about one mile per hour at impact. He claimed that the reason the Honda struck the car ahead of it was because the car behind him, the fourth car, shoved his truck and the Honda forward. Yet at his deposition, he did not give this explanation. And he introduced no other evidence at trial to support his claim.

From these facts, a jury was authorized to conclude that Anderson changed his story. It is one thing to have a swearing contest, it is another to change one's story in front of a jury in an attempt to avoid liability. The trial judge correctly submitted the issue to the jury.

*Brown v. Baker*, 197 Ga. App. 466 (398 SE2d 797) (1990) (physical precedent only), is distinguishable. In that case there was no evidence that the defendant acted in bad faith during the litigation. Rather, the fee claim "was based solely upon [the] contention that [the defendant's] liability insurer had 'arbitrarily and capriciously refused to make a good faith effort to settle [plaintiff's] claim and made unreasonably low offers of settlement . . . in an attempt to force [plaintiff] to settle his claim for less than the true value thereof. . . .' " Id. at 466-467. This Court first made clear that the insurer's actions were not relevant because the case concerned the liability of the alleged tortfeasor. Id. at 467 (1). Then the court concluded that the evidence showed that "a bona fide controversy [did] exist as to whether the collision was caused by the negligence of appellant or the negligence of appellee or the negligence of both." Id. at 469 (4). And the evidence showed "a willingness on the part of [the defendant] to resolve the matter without resort to litigation." Id. at 469 (5). Thus, there was nothing to suggest the absence of a bona fide controversy.

*Webster v. Brown*, 213 Ga. App. 845, should be overruled. In that case, the plaintiff and a witness testified that the defendant admitted at the scene that he was not looking and that the collision was his fault; he also pled guilty to a charge of improper left turn. Id. at 847. But at trial, he denied fault and stated that he pled guilty to the traffic charge to end the matter. Id. A jury should have been allowed to determine whether the defendant had changed his story. Instead, this Court weighed the evidence when it concluded that the defendant's at-trial explanation "was not so shallow as to demonstrate an absence of a bona fide controversy. . . ." Id.

---

[2] The officer's police report was not introduced into evidence. Although the officer testified that he did not have an independent recollection of the events, he testified that he remembered what the people told him and what was in his report, which had been used to refresh his recollection.

I am authorized to state that Presiding Judge Blackburn and Judge Bernes join in this dissent.

DECIDED MARCH 30, 2006 —

*Smart & Harris, Don Smart,* for appellant.
*Jones & Bell, Lloyd N. Bell,* for appellee.