A07A1733. PECHIN et al. v. LOWDER et al.

(659 SE2d 430)

BERNES, Judge.

This case involves a lawsuit by Halbert M. Lowder, Jr., and his wife, Michelle Lowder, against Brian Richard Pechin and his employer, Kauffman Tire, Inc., to recover damages from a motor vehicle accident. Prior to the accident at issue, the Lowders had filed a Chapter 13 bankruptcy petition, but failed to amend their disclosures after the accident to include the contingent claim against Pechin and Kauffman Tire as an asset. Pechin and Kauffman Tire moved for summary judgment, arguing that the Lowders' claim is barred by judicial estoppel. The trial court denied their motion and this Court granted interlocutory review of the trial court's order. Because the trial court did not abuse its discretion in declining to apply the doctrine of judicial estoppel under the facts of this case, we affirm.

The relevant facts are undisputed. In October 1997, the Lowders filed a petition for Chapter 13 bankruptcy relief. At the time, they did not have any contingent or unliquidated claims against third parties. The bankruptcy court confirmed their Chapter 13 plan on December 16, 1997. In October 2000, Halbert Lowder was involved in a motor vehicle accident with Pechin, who was allegedly acting in his capacity as an employee of Kauffman Tire. Although the accident occurred while the Lowders' bankruptcy still was pending, they did not amend their bankruptcy schedules to reflect a contingent claim against Pechin or Kauffman Tire.

In July 2001, the Lowders voluntarily dismissed their bankruptcy case without prejudice. They subsequently sold their home and paid off all of their listed creditors in full. In October 2002, the Lowders filed a personal injury and loss of consortium action against Pechin and Kauffman Tire. Pechin and Kauffman Tire moved for summary judgment, arguing that the Lowders should be judicially estopped from pursuing the action. The trial court denied the motion for summary judgment, and we granted the application for interlocutory review.

The doctrine of judicial estoppel operates to "preclude[ ] a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding." (Citation and punctuation omitted.) *Battle v. Liberty Mut. Ins. Co.*, 276 Ga. App. 434, 435 (623 SE2d 541) (2005).

> Thus, the essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the

doctrine is not to protect the litigants, but to protect the integrity of the judiciary.

(Citation omitted.) Id.

Invocation of the doctrine of judicial estoppel depends on three factors: (1) the party's later position must be clearly inconsistent with a previously held position; (2) the party must have successfully persuaded a court to accept the earlier inconsistent position; and (3) the party must be in a position to derive an unfair advantage or impose an unfair detriment upon the opposing party if not estopped. *Battle*, 276 Ga. at 435. "A trial court invokes the doctrine of judicial estoppel at its discretion, however, and we therefore review the application of this equitable doctrine to the facts only for an abuse of discretion." *Zahabiuon v. Automotive Finance Corp.*, 281 Ga. App. 55, 56 (1) (635 SE2d 342) (2006).

Mindful of these principles, we conclude that the trial court acted within its discretion in ruling that judicial estoppel was not applicable under the circumstances of this case. The Supreme Court of Georgia and this Court have held that a dismissal of a bankruptcy action, as opposed to a discharge, will typically preclude judicial estoppel because the dismissal effectively returns the debtor to the same status in relation to his creditors that he had before filing. *IBF Participating Income Fund v. Dillard-Winecoff, LLC*, 275 Ga. 765 (573 SE2d 58) (2002); *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122, 124-125 (1) (483 SE2d 135) (1997). More specifically, when a bankruptcy action is dismissed, the creditors are unhindered by the bankruptcy court's relief measures and may pursue the debtor directly such that the debtor derives no unfair advantage. Id.

Appellants attempt to distinguish *IBF* on the ground that it did not involve a *Chapter 13* debtor. We are unpersuaded. The *IBF* Supreme Court did not appear to place any weight on the fact that the debtor in that case was a Chapter 11 debtor in either its framing of the issue or in its analysis. The same is true with respect to this Court in *Moore*, which involved a Chapter 12 debtor. Furthermore, in *Weiser v. Wert*, 251 Ga. App. 566, 568 (554 SE2d 762) (2001) (physical precedent only), this Court specifically held that the Chapter 13 debtors' voluntary dismissal of their plan "effectively eliminated any inconsistency between a pending bankruptcy action and the [subsequently filed lawsuit,] in no way affecting adversely the interests of the creditors." See also *Jowers v. Arthur*, 245 Ga. App. 68, 71 (537 SE2d 200) (2000) (citing favorably to *Moore* in context of Chapter 13

dismissal).[1] Although *Weiser* is not binding precedent on this Court, we nevertheless find its reasoning persuasive. See *Chaparral Boats v. Heath*, 269 Ga. App. 339, 349-350 (606 SE2d 567) (2004) (Barnes, J., concurring specially) (noting that physical precedent "may be cited as persuasive authority, just as foreign case law or learned treatises may be persuasive").

Finally, we cannot agree with appellants that *Byrd v. JRC Towne Lake*, 225 Ga. App. 506 (484 SE2d 309) (1997) mandates the opposite result. It is true that *Byrd* held that the debtor's lawsuit was barred by the doctrine of judicial estoppel even though her Chapter 13 bankruptcy had been dismissed, but *Byrd* is factually distinguishable from the case at bar because the tort claim accrued before the bankruptcy action was filed and before any payment plan was confirmed. In contrast, the Lowders not only dismissed their Chapter 13 bankruptcy and made their creditors whole by repaying their debts in full, their tort cause of action also did not accrue until three years after they had filed for bankruptcy. While the Lowders' creditors may have potentially been prejudiced by the Lowders' failure to amend their bankruptcy schedules from the time that the tort action accrued until the dismissal of the bankruptcy, the trial court was entitled in its discretion to conclude that any prejudice suffered during that window of time was slight and did not tip the balance of the equities in favor of judicial estoppel. See *Moore*, 225 Ga. App. at 124 (1).

Under these circumstances, where the Lowders' tort cause of action had not accrued at the time that they filed for bankruptcy, and where they voluntarily dismissed their Chapter 13 bankruptcy case and paid their debtors in full prior to filing their tort action, we conclude that the trial court did not abuse its discretion in declining to apply the doctrine of judicial estoppel. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 10, 2008.

*Jones & Walden, Louis P. Owens III*, for appellants.
*William M. Brownell, Jr.*, for appellees.

---

[1] Compare *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001), disapproved on other grounds, *Period Homes v. Wallick*, 275 Ga. 486 (569 SE2d 502) (2002) (judicial estoppel bars a subsequent lawsuit when a Chapter 13 bankruptcy has been discharged, as opposed to dismissed, without disclosure).