## A08A1644. FULTON COUNTY BOARD OF TAX ASSESSORS v. NATIONAL BISCUIT COMPANY.

(676 SE2d 41)

BERNES, Judge.

In this tax appeal, the Fulton County Board of Tax Assessors challenges the superior court's judgment valuing certain commercial property owned by the taxpayer, the National Biscuit Company. The court ruled that the tax value for the property was limited to the value set by the board of equalization, notwithstanding its finding that the tax assessors had met its burden of proving a higher value by a preponderance of evidence at trial. We conclude that the court's ruling was erroneous, and therefore, we reverse.

The record shows that the tax assessors appraised and assessed the taxpayer's commercial property at a fair market value of $7,469,500 for the 2005 tax year. The taxpayer obtained a private appraisal that valued the property at $4,200,000 and appealed the assessed value to the board of equalization. The board of equalization entered a decision valuing the property at $5,196,360. The taxpayer then filed an appeal to the superior court, seeking a further reduction of the property's assessed value. Following a bench trial, the court ruled that the tax assessors had proven a property value of $5,650,000 by a preponderance of the evidence. The court nevertheless concluded that the property value could not exceed the value set by the board of equalization since the tax assessors had not filed a separate cross-appeal of the board of equalization's decision. The tax assessors filed the instant appeal, contending that the court erred in so limiting the property valuation. We agree.

OCGA § 48-5-311 (g) (3) provides that in tax appeals to the superior court, "[t]he appeal shall constitute a de novo action." In a de novo action,

> the whole record [is brought up] from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case. Such a case must be tried anew *as if no trial had been had*. It is not the province of the superior court on such an appeal to review and affirm or review the rulings of the trial tribunal, but to try the issue anew and pass original judgments on the questions involved *as if there had been no previous trial*.

(Citations and punctuation omitted; emphasis in original.) *Weeks v. Gwinnett County Bd. of Tax Equalization*, 139 Ga. App. 37, 37-38 (1) (227 SE2d 865) (1976). See also OCGA § 5-3-29; *City of Griffin v.*

*Southeastern Textile Co.*, 79 Ga. App. 420, 422-423 (1) (53 SE2d 921) (1949). As such, the court was required to exercise its independent judgment in valuing the property, without being bound by or giving deference to the board of equalization's findings. See *City of Griffin*, 79 Ga. App. at 421-423 (1).

Significantly, OCGA § 48-5-311 (g) contemplates that the final determination of value on appeal can be greater than the valuation set by the board of equalization. See OCGA § 48-5-311 (g) (4) (B) (iii) ("If the final determination of value on appeal is *greater* than the valuation set by the county board of equalization, . . . the taxpayer shall be liable for the increase in taxes for the year in question[.]") (emphasis supplied). And, while either the taxpayer or the tax assessors may file a tax appeal to the superior court pursuant to subsection (g) (1) of the statute, there is no provision requiring the tax assessors to file a cross-appeal to be heard on its opinion of valuation. Regardless of which party initiates the tax appeal, the tax assessors are charged with the burden of proving "their opinions of value and the validity of their proposed assessment by a preponderance of evidence." OCGA § 48-5-311 (g) (3).[1] If the tax assessors met their burden of proving a particular value by the preponderance of the evidence at the de novo trial, the court was authorized to enter its valuation determination and judgment in the amount so proven. See, e.g., *Jr. Mills Constr. v. Trichinotis*, 223 Ga. App. 19, 19-21 (477 SE2d 141) (1996) (ruling that when a claim is appealed to a state or superior court for a de novo investigation, "[e]ither party is entitled to be heard on the whole merits of the case" and if additional damages are proven, they may be awarded in the appeal).

The court, however, relied upon *Gwinnett County Bd. of Tax Assessors v. Ackerman/Indian Trail Assn.*, 198 Ga. App. 723, 725 (3) (402 SE2d 794) (1991), in support of its decision. In *Gwinnett County*, the board of tax assessors appealed from a jury verdict valuing the tax property in favor of the taxpayer. The tax assessors claimed that the trial court erred in failing to instruct the jury that it could raise the assessed property value over the value set by the board of equalization. Id. This court ultimately concluded that any such error was harmless since the value determined by the jury's verdict was less than the board of equalization's finding. Id. But, the opinion went on to state, in obiter dictum, that the tax assessors could not claim error since they had not appealed from the board of equalization's decision, and thus, had not called the board's findings into question. Id.

---

[1] OCGA § 48-5-311 (g) (3) was amended in 1999 to impose the burden of proof requirement. Ga. L. 1999, p. 1043, § 3.

The dicta in *Gwinnett County* sets forth an erroneous principle in the context of tax appeals and is contained in a division of the opinion that is physical precedent, authority which is not binding in our state's jurisprudence.[2] To the extent that physical precedent may be cited as persuasive authority, see *Pechin v. Lowder*, 290 Ga. App. 203, 204-205 (659 SE2d 430) (2008), we deem it prudent to expressly disapprove of the erroneous language in *Gwinnett County* and preclude any further improper reliance upon its dicta. Accordingly, we disapprove of the dicta in *Gwinnett County* to the extent that it conflicts with our holding that a tax appeal requires a trial de novo, regardless of which party files the appeal, and that the superior court is not bound by any of the board of equalization's prior findings.

The court's determination of value in this tax appeal was not restricted to the valuation of the board of equalization. The court erred in holding to the contrary.

*Judgment reversed. Miller, C. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Ellington, Phipps, Mikell, Adams, and Doyle, JJ., concur. Barnes, J., concurs specially. Andrews, P. J., concurs specially and in judgment only.*

ANDREWS, Presiding Judge, concurring specially and in judgment only.

As the majority acknowledges, when Judge Carley concurred "in Divisions 1 and 2 and in the judgment" in the case of *Gwinnett County Bd. of Tax Assessors v. Ackerman/Indian Trail Assn.*, 198 Ga. App. 723, 725 (402 SE2d 794) (1991), he withheld his approval from Division 3 of the same opinion, which had the effect of rendering that division as physical precedent only. When it asks the whole Court to disapprove of this same division, the majority is attempting to deprive Division 3 of the *Gwinnett County* case of precedential value it has never had.

In those rare cases in which a physical precedent provides the parties or the trial court with the only basis for a position, disapproval may be desirable. See, e.g., *Chaparral Boats v. Heath*, 269 Ga. App. 339, 344-345 (606 SE2d 567) (2004) (noting trial court's reliance on physical precedent). Here, unambiguous statutory law contravenes the superior court's decision. See OCGA §§ 48-5-311 (authorizing a de novo action for tax appeals); 5-3-29 (in any de novo appeal to a superior court, "[e]ither party is entitled to be heard on

---

[2] See Court of Appeals Rule 33 (a) ("an opinion is physical precedent only with respect to any Division of the opinion for which there is a concurrence in the judgment only or a special concurrence without a statement of agreement with all that is said"). In *Gwinnett County*, Judge Carley concurred in Divisions 1 and 2 of the opinion, but withheld his approval in Division 3, containing the dicta at issue here.

the whole merits of the case"). In the face of such authority, any physical precedent to the contrary has no precedential or persuasive value of any kind. And the authority cited by the majority for its characterization of physical precedent as potentially "persuasive" relies upon a special concurrence which itself lacks precedential value. See *Pechin v. Lowder*, 290 Ga. App. 203, 204-205 (659 SE2d 430) (2008), citing *Chaparral Boats*, 269 Ga. App. at 349-350 (Barnes, J., concurring specially to an eight-judge majority).

I therefore concur in the judgment only.

BARNES, Judge, concurring specially.

Although I concur fully in all that is said in the majority opinion, I write separately to address Presiding Judge Andrews's comments in his special concurrence.

They suggest that an opinion that is physical precedent only can have no effect, precedential, persuasive, or otherwise, and need not be disapproved unless apparently, as in this case, the trial court has relied upon the physical precedent. Even though the statutory law may contravene the division of *Gwinnett County Bd. of Tax Assessors v. Ackerman/Indian Trail Assn.*, 198 Ga. App. 723 (402 SE2d 794) (1991), the history of this case demonstrates that, regardless of its precedential value or legal correctness, it has the capacity to confuse trial courts. Therefore, a clear statement showing the correct status of the case is warranted.

Unfortunately, opinions that are merely physical precedent are frequently cited as authority, even binding authority. For example, *Anderson v. Cayes*, 278 Ga. App. 592, 595, n. 1 (630 SE2d 441) (2006), cited *Brown v. Baker*, 197 Ga. App. 466, 469 (4) (398 SE2d 797) (1990) (physical precedent only), as authority and a footnote stated that "[w]hile *Baker* is physical precedent only, one judge having concurred in the judgment only, we have cited it with approval and without comment as to its precedential value on several occasions. [Cits.]" *Brown v. Baker* has been cited as authority numerous times, but in only two cases, including *Anderson v. Cayes*, did the opinion expressly note that the case was physical precedent only. In the other cases, the authors merely cited *Brown v. Baker* without noting that it was not binding precedent. In the same manner, *Bruno's Food Stores v. Taylor*, 228 Ga. App. 439, 442 (491 SE2d 881) (1997), also has been cited as authority numerous times without notation that it is only physical precedent even though *no* judge concurred in what appears to be a majority opinion.

These physical precedent only cases seep into our case law and are given precedential status even by the judges of this court, who should know better, and are relied upon by the trial courts, who may not. Therefore, so that the citator systems will show the proper

status of the case, physical precedent cases should be disapproved when appropriate.

The final lines of Presiding Judge Andrews's special concurrence suggest that giving physical precedent only cases status as even persuasive authority is somehow not allowed. To do that, however, would have the unusual result of placing decisions of this court in a lesser status than decisions of federal courts, *McKeen v. Fed. Deposit Ins. Corp.*, 274 Ga. 46, 48, n. 1 (549 SE2d 104) (2001); the Restatement of Torts, *J.C. Lewis Motor Co. v. Simmons*, 128 Ga. App. 113, 114-115 (1) (195 SE2d 781) (1973); our Attorney General's opinions, *Wheeler County Bd. of Tax Assessors v. Gilder*, 256 Ga. App. 478, 482 (2) (568 SE2d 786) (2002); Comments to the UCC, see *Sun v. Mercedes Benz Credit Corp.*, 254 Ga. App. 463 (562 SE2d 714) (2002), and many other kinds of nonbinding precedent, an unusual result indeed.

DECIDED MARCH 24, 2009.

*Carmen R. Alexander*, for appellant.
*Brock E. Perry*, for appellee.