## JOHNSTON *v.* CHAMBERS:

Membership on a local board created under the provisions of the selective-draft act passed by Congress on May 18, 1917 (U. S. Rev. St. Temp. Supp. 1917, p. 61), did not disqualify the member from holding the position of police commissioner of the City of Atlanta, under the provisions of the charter of that municipality.

No. 1011.    FEBRUARY 13, 1919.

Application for quo warranto.    Before Judge Pendleton.    Fulton superior court.    June 6, 1918.

*Atkinson & Born,* for plaintiff.

*James L. Mayson* and *James K. Hines,* for defendant.

BECK, P. J.    Johnston brought quo warranto proceedings to have Chambers declared ineligible for the office of police commissioner of the City of Atlanta, and to oust him from that office. Upon hearing the petition and the evidence, the judge of the superior court refused the application.

It is provided in one section of the charter of the City of Atlanta that "It shall be unlawful for any person holding an office or position of trust, or emolument, or regular employment, under appointment by the President of the United States, or any Department of the Federal Government, . . to occupy or hold the position of mayor, alderman, or councilman of the City of Atlanta, or membership on any executive board of said city, or any other office or position of trust, honor, or emolument, or regular employment in or under said city government, whether said office or position be by election or regular appointment, during the time he holds said Federal . . office or position." It is alleged, that at the time of the election of Chambers to the office of police commissioner, and at the time of his induction into the office, he held "an office under the Government of the United States, the same being an office and position of trust and emolument under the United States Government, that is to say, a member of the Local Board of Division No. 3 for the City of Atlanta in the State of Georgia, the same being the board of exemption from military service created under the laws of the United States, and the said defendant being commissioned thereto, as petitioner is informed and believes, by Honorable William M. Ingraham, Assistant Secretary of War of the United States, by authority of the President of the United States," and that Chambers entered upon and is still discharging the duties of said office as a member of said

exemption board. It is contended by Johnston that the fact that Chambers is a member of the exemption board disqualifies him from holding the office of police commissioner of the City of Atlanta, under that provision of the charter which is set forth above.

With this contention we cannot agree. Membership in one of the exemption boards provided for under the act of Congress approved May 18, 1917, known as the selective-draft act (U. S. Rev. St. Temp. Supp. 1917, p. 61), is not such an office as would disqualify one holding the membership from holding an office in the City of Atlanta under the provision of the charter referred to. Membership of the board is in its nature temporary and transitory, and purely for an emergency. In the selective-draft act, under one section of which the local board referred to was created, the situation or condition is referred to as "the existing emergency." Under another section of the act it is provided (referring to the local and district boards which are to carry out certain of the provisions of the act): "Such boards shall be appointed by the President, and shall consist of three or more members, none of whom shall be connected with the Military Establishment, to be chosen from among the local authorities of such subdivisions or from other citizens residing in the subdivision or area in which the respective boards will have jurisdiction." And under the terms of this act the President was vested with authority to call upon the "local authorities" and officials of the State to act as members of these boards. The duties which those thus called upon were expected to fulfill were of a patriotic nature, from which a citizen could not escape without evading his patriotic duty to aid in a temporary emergency his country and his government, in selecting and organizing an army fit for the high and imperious duty confronting it. The duties which these boards were called upon to perform were of the most exalted character, but they were as transitory and ephemeral as they were exalted; and it was the duty of any citizen called to membership upon one of these boards, whether a private citizen or the holder of any office, to lay aside all other duties for the hour and respond to the call. The court below properly denied the application.

*Judgment affirmed. All the Justices concur.*