CLARK COUNTY, and the Unincorporated Towns of EAST LAS VEGAS, PARADISE, SUNRISE MANOR and WINCHESTER, and DART ANTHONY, FRED KIRSCHNER, JEAN TURNBAUGH and AARON J. WILLIS, Appellants, *v.* THE CITY OF LAS VEGAS, A Municipal Corporation, Respondent.

No. 9953

February 15, 1978 574 P.2d 1013

---

*George E. Holt,* District Attorney, *Thomas J. Moore* and *James M. Bartley,* Deputy District Attorneys, Clark County, and *Wanderer & Wanderer,* of Las Vegas, for Appellants.

*Robert List,* Attorney General, *Frank W. Daykin,* of Carson City, *Marcus H. Sloan,* City Attorney, *Janson F. Stewart,* Deputy City Attorney, City of Las Vegas, and *Hilbrecht, Jones, Schreck & Bybee,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced to challenge the constitutionality of the 1977 legislative act creating a metropolitan fire department in any city having a population of 125,000 or more located in a county having a population of 200,000 or more and in which a county fire agency exists within 10 miles of the city. NRS 280A.011–280A.201.

The constitutional challenge is twofold. First, that since only the City of Las Vegas and the County of Clark have the requisite population, the Act must fall as local and special legislation prohibited by Nev. Const. art. 4, § 20; second, that the Act denies equal protection because citizens of Clark County who are not also residents of the City of Las Vegas are disenfranchised.[1]

The district court found no contitutional infirmity. We need not reach the question of whether the Act is local or special legislation, cf. Damus v. County of Clark, 93 Nev. 512, 569 P.2d 933 (1977), since we believe that the Act denies equal protection and must be annulled for that reason. We, therefore, reverse.

In order to increase efficiency, lower purchasing costs, coordinate efforts and improve the use of equipment, personnel and supplies, the legislature proposed a merger of city and

---

[1]The plaintiffs in this action consist of Clark County, several unincorporated towns, and four individual taxpayer plaintiffs. It is well-established that political subdivisions have no standing, either at *parens patriae* or to vindicate any "rights" of their own, to challenge state laws under the Fourteenth Amendment. City of New York v. Richardson, 473 F.2d 923 (2d Cir. 1973), *cert. den. sub nom* Lavine v. Lindsay, 412 U.S. 950 (1973); Board of Supervisors of Fairfax County v. U.S., 408 F.Supp. 556 (D.C.Va. 1976). Because the individual taxpayer plaintiffs clearly have standing to maintain this action, *see* Hadley v. Junior College District, 397 U.S. 50 (1970), we do not address the issue of whether the county officials in their official capacity might be able to maintain this action based upon the potentially conflicting legal duties which might arise from their compliance with the Act. *See* Board of Com'rs v. Kokomo City Plan Com'n, 330 N.E.2d 92 (Ind. 1975); Richmond County v. Pierce, 215 S.E.2d 665 (Ga. 1975); Arnold v. Schumpert, 217 So.2d 116 (Fla. 1968).

county fire agencies (in cities and counties having the requisite population) thereby creating a metropolitan fire department. This end was to be accomplished by directing the city commission to manage, administer, supervise and control the department [NRS 280A.101(3)], and to prepare the annual budget for the ultimate approval or modification of the budget committee [NRS 280A.161(1)].

The City Commission of Las Vegas is an elected body. The commissioners automatically govern the metropolitan fire department (except for budget control) by reason of their popular election to the City Commission. Since residents of the County who are not residents of the City do not vote for city commissioners, such residents have no voice in governing the metropolitan fire department (except for budget control) and are not represented.

Indeed, even with regard to budget control, county residents of the fire district who are not residents of the city have only a diluted representation upon the budget committee. That committee is composed of eight members; the four city commissioners, the city mayor, and three county commissioners. City representation upon the budget committee is automatic by reason of the commissioners' popular election and the popular election of the mayor. The three county commissioners are appointed to the budget committee by their fellow county commissioners. Thus, residents of the county and fire district who are not residents of the city have, at best, a 3/8-representation upon the budget committee, while the city enjoys a 5/8-representation.[2]

The central question presented by this litigation is whether the governmental structure of the metropolitan fire department denies equal protection to county residents within the fire district who are not residents of the city.

1. The metropolitan fire department envisioned by the Act is a new political unit with its own governing body. It exercises governmental powers. Cantwell v. Hudnut, 566 F.2d 30, 36 (7th Cir. 1977); Hadley v. Junior College District, 397 U.S. 50 (1970).

The "one man, one vote" concept embraced by the equal protection clause [Gray v. Sanders, 372 U.S. 368 (1963); Reynolds v. Sims, 377 U.S. 533 (1964); Avery v. Midland County,

---

[2]Since there is no requirement that all three county representatives on a committee represent county commissioner districts outside the city, county representation conceivably could be less than a 3/8-representation.

390 U.S. 474 (1968); State ex rel. Pagni v. Brown, 88 Nev. 339, 497 P.2d 1364 (1972)] applies only to elected governing bodies. Members who are appointed to govern a political unit need not represent equal numbers of voters nor districts of substantially equal population. Sailors v. Board of Education, 387 U.S. 105 (1967); State ex rel. List v. County of Douglas, 90 Nev. 272, 524 P.2d 1271 (1974).

 Whether a governing structure is appointed or elected depends upon whether an election automatically results in membership. Abate v. Mundt, 403 U.S. 182 (1971); Education/Instruccion, Inc. v. Moore, 503 F.2d 1187 (2d Cir. 1974); Rosenthal v. Board of Ed. of Central H. S. Dist. No. 3, 385 F.Supp. 223 (E.D.N.Y.), aff'd 420 U.S. 985 (1975); cf. King County Water District No. 54 v. King County Boundary Review Board, 554 P.2d 1060 (Wash. 1976).

 Election is a prerequisite to membership of the governing board of the metropolitan fire department. Only the budget committee has some appointed members, the three county commissioners. When considered together, that is, the governing body of the metropolitan fire district, and its budget committee, we find that 10 members are elected, and only 3 are appointed. The presence of a minimal number of appointed officials on the budget committee should not serve to insulate the metropolitan fire department from judicial scrutiny for fair apportionment. Oliver v. Board of Education of City of New York, 306 F.Supp. 1286 (S.D.N.Y. 1969).

 2. Since the true nature of the governing structure is elective, the demands of equal protection must be met. This is not accomplished by the Act in its present form. The entire governing board of the fire district and a majority of the budget committee is elected only by residents of the City of Las Vegas, resulting in the near total disenfranchisement of almost fifty percent of the residents of Clark County, residing outside the City but within the fire district.[3] Thus, we are not here concerned with vote dilution [Reynolds v. Sims, 377 U.S. 533 (1964); Avery v. Midland County, 390 U.S. 474 (1968); State ex rel. Pagni v. Brown, 88 Nev. 339, 497 P.2d 1364 (1972); County of Clark v. City of Las Vegas, 92 Nev. 323, 550 P.2d 779 (1976)], but rather with an absolute denial of franchise to a

[3]The 1970 census reveals that the City of Las Vegas has a little more than one half of the population of that portion of Clark County within the fire district.

substantial number of residents within the fire district, without a cognizable compelling state interest for doing so. Kramer v. Union School District, 395 U.S. 621 (1969).

The Act creating the Metropolitan Fire Department violates the Equal Protection Clause and is unconstitutional.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.