S01A0108. RAMSBOTTOM COMPANY et al. v. BASS/ZEBULON ROADS NEIGHBORHOOD ASSOCIATION et al.
S01A0111. MACON-BIBB COUNTY PLANNING & ZONING COMMISSION v. BASS/ZEBULON ROADS NEIGHBORHOOD ASSOCIATION et al.
(546 SE2d 778)

HUNSTEIN, Justice.

We granted the applications for discretionary appeal in this zoning case brought by Ramsbottom Company, Napier Avenue Church of God, and the Macon-Bibb County Planning and Zoning Commission to review the ruling by the Superior Court of Bibb County that the Commission is unconstitutionally constituted. Finding no constitutional infirmity, we reverse the superior court.

The Macon-Bibb County Planning and Zoning Commission approved an application filed by Ramsbottom, as real estate broker for Napier Avenue Church of God, to rezone a 9.26 acre portion of the church property located in unincorporated Bibb County. Appellees, nearby residents and their association, opposed the application and appealed the Commission's decision challenging both the decision and the constitutionality of the selection of Commission members. Although the superior court found that the rezoning decision was valid, it held that the selection method for members of the Commission was unconstitutional and entered a ruling which, inter alia, voided the rezoning decision.

The Commission was created by a joint ordinance passed by the City of Macon and Bibb County pursuant to a special amendment to

the Constitution, which authorized the two governing authorities to "promulgate zoning or planning laws, . . . and administer the same, and/or appoint agencies or agency for adopting zoning and planning laws, rules, and regulations, and for administering the same . . . ." Ga. L. 1947, p. 1240. The ordinance provides for a five-member appointed Commission. All members must be residents of Bibb County and at least three must also be City of Macon residents. Other than the residency requirement, there are no other restrictions set forth in the ordinance regarding qualifications to serve as a Commission member and appointment lies within the discretion of each appointing body. The City and County governing bodies alternate appointing a Commission member for a five-year term, with one position turning over each year.

1. Appellants contend the superior court erred by holding that the manner in which the Commission's membership is chosen violates the one person, one vote principle. Appellees raised no constitutional challenge to Ga. L. 1947, p. 1240, which represents the State's choice to allow the Commission to be selected by appointment rather than election. Instead, appellees challenge only the provisions of the joint ordinance regarding the criteria for filling the appointed positions, which they contend result in disproportionate weight being given to the City in the appointment process.

> [W]henever a state or local government decides to select persons by popular election to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election . . . .

*Hadley v. Junior College Dist.*, 397 U. S. 50, 56 (90 SC 791, 25 LE2d 45) (1970). However, the U. S. Supreme Court in *Hadley* recognized that

> where a State chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the Constitution, the fact that each official does not "represent" the same number of people does not deny those people equal protection of the laws. [Cits.]

Id. at 58. Thus it has been recognized that

> [t]he "one man, one vote" concept embraced by the equal protection clause [cits.] applies only to elected governing bodies. Members who are appointed to govern a political unit need not represent equal numbers of voters nor districts of sub-

stantially equal population. [Cits.]

*Clark County v. City of Las Vegas*, 574 P2d 1013, 1015 (Nev. 1978). Accord *Burton v. Whittier Regional Vo-Tech. School Dist.*, 587 F2d 66 (3) (1st Cir. 1978). See also *Kelleher v. S.E. Regional Vo. Tech. High School Dist.*, 806 F2d 9, 12 (1st Cir. 1986) ("the key to *Burton*[, supra] was that the representatives to the school district's committee were *appointed* by the local school committee rather than *elected* by the community's voters"); Briffault, Who Rules at Home?: One Person/ One Vote and Local Governments, 60 U. Chi. L. Rev. 339, 404 (IV) (A) (1993) ("[i]f an office is not filled by popular vote, then the constitutional protection of the franchise does not apply"); 3 Rotunda & Nowak, Treatise on Constitutional Law, § 18.36 (b), p. 748 (1999) ("[i]f an official is appointed to a position, then one person, one vote need not apply"). This Court reached the same conclusion based upon its analysis of *Sailors v. Bd. of Ed. of Kent County*, 387 U. S. 105, 109-110 (87 SC 1549, 18 LE2d 650) (1967), when we held that the one person, one vote principle "is thus inappropriate where . . . members of a clearly administrative authority are appointed." *Rich v. State of Ga.*, 237 Ga. 291, 297 (227 SE2d 761) (1976).

The superior court distinguished the holding in *Rich* because of the "administrative" function language and instead focused its analysis on whether or not the Commission performs governmental functions. See *Hadley*, supra; see also *Morris v. Bd. of Estimate*, 707 F2d 686 (I) (2nd Cir. 1983). However,

> [o]nce it is determined that the members of the [Commission] are not selected by popular election, there is no need to determine whether they perform functions that may be better defined as "legislative" or "administrative." . . . The emphasis we put on popular election as the test echoes the [United States] Supreme Court's recognition that the crucial factor in the application of Fourteenth Amendment considerations to any apportionment scheme is that the officials whose election is challenged must have been elected by popular vote. [Cits.]

*Rosenthal v. Bd. of Ed. of Cent. High Sch. Dist. No. 3 of the Town of Hempstead*, 385 FSupp. 223, 226 (E.D.N.Y. 1974), aff'd without opinion, 420 U. S. 985 (95 SC 1418, 43 LE2d 667) (1975). Accordingly, we need not decide here whether this Court's recognition of the Commission's unique creation and the legislative functions it performs, which distinguishes it from other statutorily-constituted zoning commissions, see *Macon Assn. for Retarded Citizens v. Macon-Bibb County Planning &c. Comm.*, 252 Ga. 484 (314 SE2d 218) (1984),

means that the Commission performs "governmental functions."

It is thus apparent that this case lacks "the one crucial factor — [that] these officials are elected by popular vote." *Hadley*, supra, 397 U. S. at 54. Nor is this an instance in which membership in the Commission "is definitely determined by election and by election alone." *Morris*, supra, 707 F2d at 689 (board made up of members automatically selected to serve upon their election to certain other designated offices is not an appointed body). Rather, the true nature of the governing structure challenged by appellees is definitely appointive, since membership on the Commission "is not determined, directly or indirectly, through an election in which the residents of the county participate." *Sailors*, supra, 387 U. S. at 110, n. 6. Accordingly, we hold that the one person, one vote principle is not applicable to the Commission and the superior court erred by so holding.

2. The superior court also ruled that the substantive due process rights of the individual appellees were violated because of the lack of opportunity for someone to be considered for a position on the Commission or to politically endorse someone else for a position thereon and because of the absence of public notice of a vacancy on the Commission. However, "[i]t has been uniformly held that a public office is not property in the constitutional sense and that the right to be appointed to a public office is not a natural or property right within the protection of the due process clause. [Cits.]" *State of Missouri v. Kirby*, 163 SW2d 990, 1003-1004 (Mo. 1942). See also *Werme v. Merrill*, 84 F3d 479, 484 (B) (1st Cir. 1996) ("[t]here is simply no abstract constitutional right to be appointed to serve as [a public official]").[1] Since there is no right to be considered for an appointed office, it follows that there is no due process violation for failure to give notice of a vacancy for such an office. Accordingly, we reverse the superior court's ruling.

3. Our holdings above render it unnecessary for us to reach the remaining question we raised in granting the parties' applications, namely, whether the relief ordered by the superior court was appropriate.

*Judgment reversed. All the Justices concur.*

---

[1] We note that

while there is no right, in the abstract, to be appointed to a public office . . . , [individuals] do have the right to be considered for such positions unhampered by invidiously discriminatory disqualifications. The privilege of holding public employment or office may not be denied by the state on the basis of distinctions which violate federal constitutional guarantees. [Cits.]

*Rhode Island Minority Caucus v. Baronian*, 590 F2d 372, 376 (1st Cir. 1979). This case raises no issue that anyone was denied consideration for a position on the Commission on the basis of any invidiously discriminatory disqualification.

DECIDED MAY 7, 2001.

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellant.

*Almand & Wiggins, O. Hale Almand, Jr., Lovett, Cowart & Ayerbe, L. Robert Lovett*, for appellee.