**Modjgan COHANIM, Plaintiff,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Defendant.**

**No. 00 CV 1783(ARR).**

United States District Court,
E.D. New York.

May 12, 2002.

Rory Ian Lancman, Law Offices of Rory Lancman, New York, NY, for the Plaintiff.

Georgia Pestana, Office of the Corporation Counsel, New York, NY, for the Defendant.

## OPINION AND ORDER

ROSS, District Judge.

Plaintiff Modjgan Cohanim is a Queens voter and parent of children in the New York City public schools in Queens County who seeks to enjoin the method of choosing the members of the New York City Board of Education (the "Board") as violative of the Equal Protection Clause. She has moved for a preliminary injunction and the Board has filed a cross-motion to dismiss. For the reasons explained below, the Board's motion is granted and plaintiff's complaint is dismissed.

## BACKGROUND

The New York City school system is composed of community school districts, each governed by an elected board. *See* N.Y. Educ. Law § 2590–b. When the state legislature created the community school districts in 1969, it provided for a citywide school board, the defendant Board, to oversee the system. *See* McKinney's 1969 Session Laws of N.Y., Vol. 1, ch. 330 [hereinafter Chapter 330], § 4 at 428, *cited in Warden v. Pataki,* 12 F.Supp.2d 325, 326 (S.D.N.Y.1998) [hereinafter *Warden I* ]. The original statute provided for two Board members appointed

by the mayor and one elected by each of the five boroughs, effective in February of 1970. *See* Chapter 330, §§ 4 at 428, 13 at 457–58, *cited in Warden I,* 12 F.Supp.2d at 326. It also established an interim board with one member to be appointed by each borough president. *See* Chapter 330, § 11 at 457, *cited in Warden I,* 12 F.Supp.2d at 326–27. In *Oliver v. Board of Educ.,* 306 F.Supp. 1286 (1969), the method of selecting the permanent Board was declared unconstitutional as a violation of the "one person, one vote" principle, but the interim board was upheld. *See id.* at 1289, 1291. In response, the state legislature initially extended the tenure of the interim board. *See* McKinney's 1970 Session Laws of N.Y., Vol. 1, ch.3, § 2 at 3–4, *cited in Warden I,* 12 F.Supp.2d at 327; McKinney's 1971 Session Laws of N.Y., Vol. 1, ch. 6, § 1 at 9, *cited in Warden I,* 12 F.Supp.2d at 327. In 1973, the legislature provided that the Board would include seven members, two selected by the mayor and one selected by each of the borough presidents. *See* McKinney's 1973 Session Laws of N.Y., Vol. 2, ch. 915, § 1 at 1714, *cited in Warden I,* 12 F.Supp.2d at 327. That provision remains in effect and is the method of selection challenged in this action.

### DISCUSSION

■ Ms. Cohanim asserts that this arrangement violates the principle of "one person, one vote," recognized in *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), and *Reynolds v. Sims,* 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), because the populations of the boroughs are unequal, yet each is represented by a single Board member.[1] The Equal Protection Clause of the 14th Amendment requires that whenever popular elections to

state and local bodies performing governmental functions involve multiple electoral districts, each district must elect a number of officials proportionate to its number of voters. *See Hadley v. Junior College District,* 397 U.S. 50, 56, 90 S.Ct. 791, 795, 25 L.Ed.2d 45 (1970). A number of courts have held, however, relying on *Sailors v. Board of Educ.,* 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967), that the "one person, one vote" standard does not apply to appointed bodies, such as the Board. *See, e.g., Burton v. Whittier Regional Vocational Technical School District,* 587 F.2d 66 (1st Cir.1978); *Rosenthal v. Board of Educ.,* 497 F.2d 726, 729 (2d Cir.1974); *Warden v. Pataki,* 35 F.Supp.2d 354, 360 (S.D.N.Y.) [hereinafter *Warden II* ], *aff'd sub nom Chan v. Pataki,* 201 F.3d 430, 1999 WL 1012404 (2d Cir.1999) (table); *Oliver,* 306 F.Supp. at 1289. Ms. Cohanim contends that *Sailors,* in fact, did not hold that "one person, one vote" is inapplicable to appointed boards and that the question is as yet undecided. She argues that the subsequent cases, including the Supreme Court's own decision in *Hadley,* misinterpreted *Sailors* and consequently have no precedential value.

*Sailors* involved the county school board in Kent County, Michigan. Under Michigan law, voters elected local school boards in elections that were not challenged as constitutionally infirm. *See Sailors,* 387 U.S. at 106, 87 S.Ct. at 1551. Each local school board chose one delegate to a biennial county meeting, and those delegates then elected a five-member county school board. *See id.* at 106–07, 87 S.Ct. at 1551. The plaintiffs challenged that procedure because the local school districts had varying numbers of voters, and the Supreme

1. According to U.S. Census Bureau estimates for July 1, 1999, the populations of the five counties that are the boroughs of New York City were as follows: Kings (Brooklyn):

2,268,297; Queens: 2,000,642; New York (Manhattan): 1,551,844; Bronx: 1,194,099; and Richmond (Staten Island): 413,280. *See* Complaint Exh. B.

Court rejected their challenge. According to Ms. Cohanim's reading of *Sailors*, the Supreme Court drew a distinction between governmental bodies of a legislative and administrative character and decided that because the school board performed administrative functions, the "one person, one vote" principle did not apply. *See* Plaintiff's Mem. in Support 8. She argues that the Court passed on the question of whether *legislative* bodies may be appointed without regard to "one person, one vote." *See id.* Since *Sailors* expressly withheld its decision on the issue, and since every case that has faced the question since has relied on *Sailors*, Ms. Cohanim reasons, no court has really decided it.

This interpretation of *Sailors* is untenable. The distinction that the Supreme Court drew between administrative and legislative functions pertained to whether a state was permitted to fill the positions by appointment rather than by election. In framing the issue to be decided, the court said that assuming the universal application of "one person, one vote" to local elections, "we are still short of an answer to the present problem and that is whether Michigan may allow its county school boards to be appointed." *Id.* at 109, 87 S.Ct. at 1552.[2] The Court concluded that administrative bodies, such as the county school board in question, may be appointed or elected. *See id.* at 111, 87 S.Ct. at 1553 ("At least as respects nonlegislative officers, a State can appoint local officials or elect them or combine the elective and appointive systems as was done here."). Having decided that the board could be appointed, the Court expressly stated that "one person, one vote" consequently was

inapposite. *See id.* An accurate reading of the case reveals that it held that "one person, one vote" was inapplicable not because the board was *administrative*, but because the board was *appointed:* "Since the choice of members of the county school board did not involve an election and since none was required for these nonlegislative offices, the principle of 'one man, one vote' has no relevancy." *Sailors*, 387 U.S. at 111, 87 S.Ct. at 1553.

It is only by changing the language of the opinion that Ms. Cohanim can suggest that *Sailors* left open the possibility that appointed boards might be held to the "one person, one vote" standard. The question the Court reserved was whether a board performing legislative functions may be appointed: "We need not decide at the present time whether a State may constitute a local legislative body through the appointive rather than the elective process.... We do not have that question here, as the County Board of Education performs essentially administrative functions[.]" *Id.* at 109–110, 87 S.Ct. at 1553. In both her initial brief and her reply brief, Ms. Cohanim edits this language to support her strained reading of the case by adding a reference to the "one person, one vote" principle: " 'We need not decide at the present time whether a state [sic] may constitute a local legislative body through the appointive rather than the elective process [in disregard of one person, one vote].' " *See* Plaintiff's Mem. in Support 7; Plaintiff's Reply Mem. 2 (both quoting *Sailors*, 387 U.S. at 109–110, 87 S.Ct. at 1553 (second brackets in originals)). As explained above, the question that the Supreme Court declined to address in *Sailors* did not involve whether

---

2. The issue that the Court assumed in *Sailors*, that the "one person, one vote" principle would apply to elections for administrative offices as well as legislative offices, was settled in *Hadley*. In that case, the Court dispensed with the distinction and simply held that any election to a position that "perform[s] governmental functions" must accord with "one person, one vote." *Hadley*, 397 U.S. at 56, 90 S.Ct. at 795.

"one person, one vote" applied to appointed bodies performing legislative functions, but whether such bodies were permissible in the first instance. Having decided that the school board could, as a nonlegislative body, be appointed, it explicitly held that the "one person, one vote" principle did not apply. *See Sailors,* 387 U.S. at 111, 87 S.Ct. at 1553. It reiterated this holding, albeit in dicta, in *Hadley:* "We have also held that where a State chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the Constitution, the fact that each official does not 'represent' the same number of people does not deny those people equal protection of the laws." *Hadley,* 397 U.S. at 58, 90 S.Ct. at 796.

The consistent interpretation of *Sailors* and *Hadley* over the last three decades reinforces this court's conclusion that the Supreme Court long ago established that "one person, one vote" does not come into play when officials are appointed rather than elected. A few years after *Hadley,* a plaintiff challenged a scheme whereby voters elected local school boards, each of which then selected two of its members as representatives to a central school board. *See Rosenthal,* 497 F.2d at 727. The Second Circuit recognized that the central question determining the applicability of the "one person, one vote" principle was whether the board members were appointed or elected. *See id.* at 729 ("But the question remains whether within its rationale, the members of the central high school board are 'appointed' or 'elected' officers[.]"). Concluding that the method of selection was something of a hybrid, the court remanded the case to a three-judge district court panel to make the critical determination. *See id.* On remand, the district court also explained that the important question was the nature of the position's selection: "The emphasis we put on popular election as the test echoes the Supreme Court's recognition that the cru-

cial factor in the application of Fourteenth Amendment considerations to any apportionment scheme is that the officials whose election is challenged must have been elected by popular vote." *Rosenthal v. Board of Educ.,* 385 F.Supp. 223, 226 (E.D.N.Y.1974) (citing *Hadley,* 397 U.S. at 54, 90 S.Ct. at 794), *aff'd* 420 U.S. 985, 95 S.Ct. 1418, 43 L.Ed.2d 667 (1975). Only last year, Judge Mukasey wrote that "[t]he 'one person, one vote' principle, however, has no applicability when the governmental body at issue is appointive rather than elective." *Warden II,* 35 F.Supp.2d at 360 (citing *Sailors* and *Hadley* ). This court reaches the same conclusion.

The plaintiff's challenge to thirty years of precedent is unsuccessful; notwithstanding plaintiff's protestations to the contrary and alterations of *Sailors*'s language in support thereof, *Sailors* clearly and definitively decided the issue on which her case purports to rest.

## CONCLUSION

Because the complaint states a claim relying solely on an argument rejected by the Supreme Court, it fails to state a claim. The Board's motion is therefore granted and plaintiff's complaint is dismissed.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.