A02A0304. WHEELER COUNTY BOARD OF TAX ASSESSORS et al. v. GILDER et al.

(568 SE2d 786)

BARNES, Judge.

Wheeler County Commissioner Bill Cartright and the Wheeler County Board of Tax Assessors ("Board") brought this action against the Wheeler County Board of Commissioners and Roy Gilder, in his various capacities as Wheeler County tax assessor, chairman of Wheeler County Farm Board, and director of the Wheeler County Chamber of Commerce ("Gilder"), seeking a declaration that Gilder's appointment to the county board of tax assessors violated a Georgia law due to his service on the Wheeler County Board of Agricultural Stabilization and Conservation Committee ("county ASC committee"). The Board now appeals a declaratory judgment that Gilder's service on the ASC is not a legal bar to his appointment on the board of tax assessors. We agree and affirm.

Before trial, the parties entered into a stipulation of facts, which was adopted by the trial court in its order. On appeal, the application of law to undisputed facts is subject to de novo review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

According to the undisputed facts, in December 2000, the Wheeler County Board of Commissioners appointed Gilder to the Wheeler County Board of Tax Assessors for a term of three years, beginning January 1, 2001, pursuant to OCGA § 48-5-295. He receives $50 a day for his services as a county tax assessor. At the time of this appointment, Gilder was also serving as chairman of the county ASC committee. The county ASC committee is a federal committee created by authority of the Soil Conservation and Domestic Allotment Act and administers programs related to the prevention of soil erosion conducted by the United States Department of Agriculture under the jurisdiction of the Secretary of Agriculture. 16 USC

§ 590a; 52 FR 48511; 7 CFR Part 7. Gilder receives between $30 and $40 a month in compensation for his service on this committee. Gilder has served on the county ASC committee since 1998, when he was elected to a three-year term that would have expired December 31, 2001. County ASC committee members are elected by farmers in the county.

1. The Board argues that, pursuant to federal law, the county ASC committee is a county office because of the nature of the position's functions. And as such, the Board contends, Gilder is prohibited by OCGA § 48-5-295 (a) from simultaneously holding the positions of tax assessor and chairman of the county ASC committee.

OCGA § 48-5-292 (a) provides that "[n]o member of a county board of tax assessors shall be eligible to hold any state, county, or municipal office during the time he holds such office. A member of the board may be reappointed to succeed himself as a member of the board."

We reject the Board's assertion that OCGA § 48-5-292 (a) prohibits Gilder from simultaneously holding the positions of county tax assessor and chairman of the county ASC committee. The initial rule of statutory construction is to look to the legislative intent and to construe statutes to effectuate that intent. OCGA § 1-3-1 (a). *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991). Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. *City of Jesup v. Bennett*, 226 Ga. 606, 608-609 (2) (176 SE2d 81) (1970). "All words, except words of art, shall be given their ordinary significance." *City of Roswell v. City of Atlanta*, supra, 261 Ga. at 657 (1).

OCGA § 48-5-292 (a) plainly states that no member of the board of tax assessors may hold a state, county, or municipal office. Federal offices clearly are excluded from the exemptions in OCGA § 48-5-292 (a). Our review of the relevant federal laws and regulations shows that the position of county ASC committee member is a federal office. As such, Gilder is not prohibited under this Code section from simultaneously holding the positions of tax assessor and chairman of the county ASC committee. The right to hold office is the rule and ineligibility is the exception. *Weems v. Glenn*, 199 Ga. 388, 391 (34 SE2d 511) (1945).

2. The Board argues that as a member of the ASC committee, Gilder is also ineligible to hold the position of tax assessor under OCGA § 45-2-1. OCGA § 45-2-1, in pertinent part, holds that:

The following persons are ineligible to hold any civil office; and the existence of any of the following facts shall be a sufficient reason for vacating any office held by such person; but the acts of such person, while holding a commission,

shall be valid as the acts of an officer de facto, namely: . . . (4) Persons holding any office of profit or trust under the government of the United States other than that of postmaster and officers and enlisted men of the reserve components of the armed forces of the United States, or of either of the several states, or of any foreign state; provided, however, that without prejudice to his right to hold public office, any person may accept appointment to, and may receive his expenses and compensation arising from, membership upon any commission, board, panel, or other fact-finding or policy-making agency appointed by the President of the United States or other federal authority, where such appointment is of a temporary nature and the duties are not such as to interfere materially with the person's duties as a public officer. Acceptance of such an appointment and receipt of the emoluments therefrom shall not bar the right of any person to hold office in this state or to accede to a state office.

Since the office of tax assessor clearly is a "civil office," see *Sheffield v. State School Bldg. Auth.*, 208 Ga. 575, 584 (68 SE2d 590) (1952), our inquiry must be whether Gilder's position on the county ASC committee falls within any of the enumerated exemptions of OCGA § 45-2-1 (4). More specifically, since the position is not that of "postmaster and officers and enlisted men of the reserve components of the armed forces of the United States, or of either of the several states, or of any foreign state," we must consider whether it is a federal position that (1) is appointed by the President or other federal authority; (2) is temporary; and (3) does not materially interfere with the person's duties as a public officer and is thereby otherwise exempt.

The county ASC committee was established by authority of the Soil Conservation and Domestic Allotment Act, 16 USC § 590h (b), to administer various programs conducted by the Department of Agriculture and shall, "as directed by the Secretary or a designee of the Secretary, carry out the programs and functions of the Secretary." 7 CFR § 7.2. The county ASC committees are not selected by general election, but in one of two methods. Under the first method, farmers within one of three local administrative areas in a county elect community ASC committee members who in turn elect a member to the county ASC committee. And under the second method, the farmers in the community directly elect a member of the county ASC committee. 7 CFR § 7.9; 52 FR 48511. Neither method requires a general election of the county populace, and if membership of a governing structure is not determined through a popular election in which the residents of the county participate, the nature of the governing struc-

ture is appointive. See *Ramsbottom Co. v. Bass/Zebulon Roads &c.*, 273 Ga. 798 (546 SE2d 778) (2001).

Here, although the Secretary of Agriculture has chosen to select members of the county ASC committee through elections by farmers, the ASC members are appointed under the authority of the Secretary to carry out his programs and functions. 7 CFR § 7.2. Thus, the position of county ASC committee member is appointed and meets the first requirement for exemption from the ineligibility provision of OCGA § 45-2-1.

We also find Gilder's position temporary in nature. The county ASC committee members hold office for a term of three years or until a successor is elected and qualified. 7 CFR § 7.11. The parties stipulated that Gilder's appointment to the county ASC committee was for a definite term of three years. See *Massey v. State*, 265 Ga. 632, 634 (3) (458 SE2d 818) (1995) (designation of temporary service must be for specific time period). Further, the language of the Act suggests that the committee is by its nature transitory and temporary. See *Johnston v. Chambers*, 148 Ga. 768 (98 SE 263) (1919) (membership on federal exemption board did not preclude service as police commissioner because of temporary nature of federal position). Pursuant to the Act, the Secretary of Agriculture is authorized to "from time to time," "coordinate and direct all activities with relation to soil erosion," including the establishment of county ASC committees. See 16 USC §§ 590a; 590d; 7 CFR § 7.1. Indeed, it appears to be within the discretion of the Secretary of Agriculture to discontinue the county ASC committees altogether. Cf. *Highsmith v. Clark*, 245 Ga. 158 (264 SE2d 1) (1980) (part-time federal magistrate position not temporary).

Finally, there is no evidence that Gilder's service on the county ASC committee will *materially* interfere with his duties as a tax assessor. The duties of the county ASC committee include "carrying out in the county the agricultural conservation program, the production adjustment and price support programs, the acreage allotment and marketing quota programs, the wool and mohair incentive payment program, and any other program or function assigned by the Secretary or a designee of the Secretary." 7 CFR § 7.21 (a). As a county tax assessor, Gilder's duties are, generally, the ascertainment of taxable property, assessments and penalties against unreturned property, and changing real property values established by appeal in prior years. OCGA §§ 48-5-299; 48-5-305.

We ascertain no material interference with Gilder's ability to carry out his duties as tax assessor because of his membership on the county ASC committee. The Board argued below that his position on the county ASC committee amounted to overseeing farmers. Our review of the relevant federal statutes does not support this conten-

tion. Indeed, the county ASC has little, if any, autonomy. Recommendations are made to the state ASC, hearings and investigations are made at the bequest of the state ASC committee, and the review, approval, and certifications of forms, reports, and documents are pursuant to official instructions from either the state or federal level. 7 CFR § 7.21 (b) (1)-(12).

We are also not persuaded by the Board's argument that, based on the conclusions of a 1970 opinion issued by the attorney general, membership on the state ASC committee would render a person ineligible to hold any other civil office in Georgia. See Op. Atty. Gen. 70-137. The opinion provides that "simultaneous membership on [the] county board of education and on [the] federal Agricultural Stabilization and Conservation Committee [was] prohibited," pursuant to former Ga. Code Ann. § 89-101 (4). Id.

We note that when the 1970 opinion was issued, the relevant Code section did not include the exemptions discussed earlier, which were added in a 1972 amendment. See OCGA § 45-2-1 (4). Further, while opinions of the Attorney General are persuasive authority, they are not binding on the appellate courts. *C. W. Matthews Contracting Co. v. Collins*, 214 Ga. App. 532, 533 (448 SE2d 234) (1994).

Accordingly, because the position of county ASC committee member is exempt from exclusion under OCGA § 45-2-1, Gilder is not foreclosed from simultaneously serving on the Wheeler County ASC committee and the Wheeler County Board of Tax Assessors.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 11, 2002.

*John E. Morrison*, for appellants.
*Smith & Jenkins, Wilson R. Smith, Thomas W. Everett*, for appellees.