A04A1414. HORNE v. MASSEY.
(605 SE2d 368)

MIKELL, Judge.

Marshall Horne, Commissioner of the Georgia Department of Motor Vehicle Safety (the "DMVS"), appeals the order of the Superior Court of Dougherty County concluding that OCGA § 40-5-57.1 (a) did not authorize the DMVS to suspend the license of a person over the age of 21 years who had committed a traffic offense under the statute while under the age of 21. We affirm.

The facts are not disputed in this case. The record shows that Matthew D. Massey, who was born on May 5, 1982, was stopped for exceeding the posted speed limit on October 28, 2001; he was 19 years old at the time. The citation charged him with traveling 58 miles per hour in a 30 miles-per-hour zone. According to testimony at trial, this offense was a four-point violation under OCGA § 40-5-57.1 (a). On November 29, 2001, Massey forfeited bond and paid the traffic citation. According to the testimony at trial, this was the only traffic citation Massey had ever been issued in Georgia.

For reasons unknown, the citation and bond forfeiture were not reported by the City of Albany to the DMVS until approximately the second week of September 2003, well after Massey's twenty-first birthday. Upon receipt, the DMVS promptly issued the notices regarding license suspension as outlined in OCGA § 40-5-57.1 (a). The primary issue on appeal is whether, under the statute, the DMVS can suspend the license of someone who committed the traffic offense while under the age of 21 but who was over 21 years old at the time of the suspension.

The trial court concluded that the DMVS could not do so, and we agree. The first rule of statutory construction is to construe the statute to effectuate the intent of the legislature.[1] "Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary[,] but forbidden."[2] OCGA § 40-5-57.1 (a) plainly states, in pertinent part, that "the driver's license of any person under 21 years of age convicted of . . . any offense for which four or more points are assessable under subsection (c) of Code Section 40-5-57 . . . shall be suspended by the department." The language of the statute is clear that the driver must be under the age of 21 years to have his license suspended under this section; it does not refer to his age at the time of the commission of the offense or the conviction. The DMVS sets forth several arguments that the intent of the legislature was to punish repeat offenders, and, therefore, the statute should be construed to promote suspensions. However, the statutory language does not support this conclusion. Accordingly, finding no error in the trial court's determination, we affirm.

*Judgment affirmed. Barnes, J., concurs. Blackburn, P. J., concurs fully and specially.*

BLACKBURN, Presiding Judge, concurring fully and specially.

I concur fully with the analysis and result in the majority's opinion. However, I wish to add the following observations.

The statute as drafted focuses on the age of the driver at the time license suspension is sought, not on the age of the driver at the time the underlying offense was committed. "[T]he driver's license of any person under 21 years of age convicted of . . . any offense for which four or more points are assessable . . . shall be suspended by the department."[3] The statute could have focused on the driver's age at the time the material offense was committed, similar to that done in OCGA § 15-11-2 (2) (B) (" '[c]hild' means any individual who is: Under the

---

[1] *Wheeler County Bd. of Tax Assessors v. Gilder*, 256 Ga. App. 478, 479 (1) (568 SE2d 786) (2002).

[2] (Citation omitted.) Id.

[3] OCGA § 40-5-57.1 (a).

age of 21 years, *who committed an act of delinquency before reaching the age of 17 years*") (emphasis supplied). Indeed, the California legislature has done just that, stating that licenses may be suspended "for any offense specified [below], committed while the person was under the age of 21 years."[4] The clear language of the statute controls where legislative language can be easily devised to give authority to suspend driver's licenses based on the driver's age at the time of the offense rather than based on the driver's age at the time of the suspension. I agree with the majority that the Georgia General Assembly's choice of language here indicated an intent to focus on the driver's age at the time suspension is sought.

DECIDED AUGUST 31, 2004 —
RECONSIDERATION DENIED OCTOBER 6, 2004 —

*Thurbert E. Baker, Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, Robert W. Smith, Jr., Assistant Attorney General*, for appellant.

*Hall, Booth, Smith & Slover, Michael Meyer von Bremen*, for appellee.

---

[4] Cal. Veh. Code § 13202.5 (a). See Mo. Ann. Stat. § 302.505 (1) ("[t]he department shall suspend or revoke the license of any person . . . where such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated").