## A10A0207. DOZIER v. HANES.
(696 SE2d 503)

BARNES, Presiding Judge.

Greg Dozier, Commissioner of the Georgia Department of Driver Services ("DDS"), appeals the order of the Superior Court of Fayette County reinstating the driver's license of Joseph Brett Hanes. Following our review, we affirm.

The undisputed facts establish that on January 2, 2008, Hanes received a traffic citation for failure to yield. After appearing in Fayette County Juvenile Court on February 11, 2008, he was adjudicated as charged and thereafter assessed three points against his driving record. Hanes received a citation for speeding on September 16, 2008, and appeared in court on February 18, 2009, where he pled guilty, and another three points was assessed against his driving record.

Hanes was under eighteen at the time of the two citations, and pursuant to OCGA § 40-5-57.1, on February 19, 2009, Dozier, in his capacity as Commissioner, issued Hanes a notice of license suspension pursuant to OCGA § 40-5-57.1. OCGA § 40-5-57.1 (a) mandates that "the driver's license of any person under 18 years of age who has accumulated a violation point count of four or more points under Code Section 40-5-57 in any consecutive 12 month period shall be suspended by the department as provided by this Code section."

Hanes requested a hearing on the suspension, which was denied, and the hearing officer affirmed the suspension on the merits. Hanes thereafter filed a petition for judicial review of the suspension with the Fayette County Superior Court. After a hearing, the trial court reversed the suspension, and ordered DDS to reinstate Hanes' license. The trial court found that the "look back" period under OCGA § 40-5-57.1 "for drivers under 18 is 12 months from conviction date to conviction date. There is no language in [OCGA §] 40-5-57.1 that would allow the 'look-back' to be from incident date to incident date."

Dozier applied for discretionary review, which we granted, and this appeal ensued. The issue on appeal is whether, as the trial court found, the 12-month period in the statute runs from conviction to conviction, rather than, as Dozier argues, from incident to incident.

The first rule of statutory construction is to construe the statute to effectuate the intent of the legislature. To that end, "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary[,] but forbidden." *Wheeler County Bd. of Tax*

*Assessors v. Gilder*, 256 Ga. App. 478, 479 (1) (568 SE2d 786) (2002). OCGA § 40-5-57 (b) provides that "the department shall assess points . . . for *convictions* of violations. . . ." Per the clear language of the statute, points are assessed upon conviction for the violation, not the actual violation.

Thus, as OCGA § 40-5-57.1 directs that the driver's license of persons under eighteen years of age is suspended upon the accumulation of four points in any consecutive twelve-month period under OCGA § 40-5-57, and points are assessed upon conviction, the statutory language supports the trial court's conclusion that the "look back" period of twelve months under OCGA § 40-5-57.1 for drivers under eighteen runs from conviction date to conviction date.

Accordingly, we find no error and affirm the order of the trial court reversing the suspension of Hanes' driver's license.

*Judgment affirmed. Blackburn and Bernes, JJ., concur.*

DECIDED JUNE 24, 2010.

*Thurbert E. Baker, Attorney General, Joseph J. Drolet, Senior Assistant Attorney General, Angelique B. McClendon, Assistant Attorney General*, for appellant.

*Josh W. Thacker*, for appellee.